## A. A. BURCK v. GEO. F. BURROUGHS ET AL.

(Case No. 5587.)

1. JURISDICTION — COURT OF APPEALS.— The court of appeals dismissed an appeal because the bond misdescribed the judgment, and adjudged the costs against the appellant in that appeal and the sureties on his *supersedeas* appeal bond. Appellee (in that appeal), in the county court, then filed a motion to render judgment against the sureties for the amount of the judgment appealed from. *Held,* that the county court could make no additional orders in the case other than to enforce whatever the mandate of the higher court directed. In cases where, upon the face of the record, a judgment may be rendered against the sureties upon the appeal or writ of error bond, such judgment must be rendered by the appellate court, and not by the court *a quo.*

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

This was a motion by A. A. Burck against George F. Burroughs and the sureties on an appeal bond given by said Burroughs, filed in the county court of Milam county, for that court to render judgment against the sureties, who, with said Burroughs, are appellees here, for the amount of the judgment appealed from in the case of said A. A. Burck v. George F. Burroughs from the said county court to the court of appeals, in which appeal the appellees Sarah J. Lynn, James P. Lynn and Charles Bando were sureties on the *supersedeas* appeal bond. The court of appeals dismissed the appeal because the bond misdescribed the judgment appealed from, and adjudged the costs against the appellants George F. Burroughs and his said sureties. The mandate of the court of appeals showed those facts, and it being filed in the county court, this motion was filed. The county judge being disqualified, the motion was transferred to the district court, and was there determined by sustaining the motion of the appellees to dismiss the appellant's motion. From that order this appeal is taken by A. A. Burck.

*Antony & Wilcox*, for appellant, cited: Withers v. Patterson, 27 Tex., 494; Hill v. Clay, 26 Tex., 650; Green v. Banks, 24 Tex., 518; Wheeler v. Wooten, 27 Tex., 257; Lewis v. Taylor, 17 Tex., 57; Alexander's Digest, p. 47, sec. 22; O'Shea v. Twohig, 9 Tex., 342; Sloo v. Powell, Dallam, 467; Hall v. Hall, 11 Tex., 526, 547; Walker v. McMaster, 48 Tex., 213; Allison v. Schilling, 27 Tex., 453; Cowan v. Nixon, 28 Tex., 230; Graham v. Roder, 5 Tex., 141; Banton v. Wilson, 4 Tex., 400; Farris v. Berry, 33 Tex., 701; Pitts v. Ennis, 1 Tex., 605; Mitchell v. De Witt, 25 Tex. Sup., 180; McCoy v. Jones, 9 Tex., 366.

*N. P. Garrett*, for appellees, cited: R. S., arts. 1049, 1057; Tex. Pl. and Prac., sec. 1020.

WALKER, J. COM. APP.— When the appeal was determined in the court of appeals, the case itself was finally determined, unless a review of it was afterwards obtained by writ of error. The only jurisdiction which the county court could properly exercise over it was to enforce and give effect to the mandate of the court of appeals. The dismissal of the appeal left the judgment in force without change, and without any power or jurisdiction in the county court, on the record as it stood, to open the case for the purpose of making any further or additional orders or entries in the cause, other than

to enforce and give effect to whatever the mandate may have directed.

If, on the appeal, the judgment had been affirmed, the court below could only have made the orders necessary to carry out the judgment of the appellate court, and in the language of the statute (art. 1419, R. S.), the cause then "shall be dropped from the docket." *A fortiori*, would the same result ensue, where the appellate court determines that the cause has not been properly appealed, and for that reason dismisses it from its docket at the costs of the appellant and his sureties, thus leaving the parties *in statu quo*.

The statutes provide in what cases the appellate courts shall render judgment on the appeal bonds, or bonds for writs of error. See art. 1049, R. S. But the judicial system does not seem to contemplate a renewal of the jurisdiction of the inferior court over the cause for any purpose other than to carry out the mandate of the superior or appellate court, except where the judgment below is reversed; and even in that case, where it may properly be done, the appellate court will not send the case back for further proceedings, but will render such judgment as the court below ought to have rendered. Article 1048, R. S.

In cases where, upon the face of the record, a judgment may be rendered against the sureties upon the appeal or writ of error bond, such judgment must be rendered by the appellate court, and not by the court *a quo*.

If in cases where the appellee is entitled to redress or damages by reason of a breach of the condition of the bond, and his remedy cannot be enforced by the appellate court, he needs must seek his remedy by suit upon the bond in some appropriate form of action.

We are of opinion there was no error and that the judgment be affirmed.

                                                Affirmed.

[Opinion adopted June 26, 1885.]