**Carl Allen CROCKETT, Relator,**

v.

**Bill LOGUE et al., Respondents.**

**No. 5364.**

Court of Civil Appeals of Texas, Waco.

Aug. 1, 1974.

Frank M. Fitzpatrick, Jr., O. W. Sternberg, Waco, for relator.

E. H. O'Dowd, Waco, for respondents.

OPINION

JAMES, Justice.

This is an original proceeding in this court, same being a motion for leave to file a Petition for Writ of Prohibition seeking to have this court stay the enforcement of a judgment of a District Court of McLennan County, Texas, pending an appeal from said judgment. A writ of prohibition is sought to prevent the District Judge from ordering enforcement of the trial court's judgment, and against the District Clerk and attorney for Respondent Ruth E. Gelushia concerning the paying out and receiving of funds in the registry of the court, pending appeal from the trial court's judgment. The subject matter of the controversy in the main cause consists of funds which had been placed on deposit with the District Clerk by a third party interpleader.

The trial court's judgment awarded all the funds to Respondent Ruth E. Gelushia, the Defendant in the main cause. Relator Carl Allen Crockett perfected his appeal in

the main cause by giving notice of appeal and making a deposit for costs in lieu of an appeal bond; however, Relator did not tender any supersedeas bond to the District Clerk, his contention being that no supersedeas bond is necessary in an interpleader action wherein the funds are in the registry of the Court. Relator asserts that Rule 364(h), Texas Rules of Civil Procedure, dispenses with the necessity of his making a supersedeas bond.

■ We do not agree with this contention. Rule 364 affords an appellant, (here the Relator) the remedy of a supersedeas bond if he desires to suspend the execution of the judgment, and subdivision (h) thereof provides:

"(h) In lieu of a bond, where bond is permitted under this rule, appellant may deposit with the clerk cash equivalent to the amount of the required bond. . . . . ."
The effect of subdivision (h) is merely to give the appellant the option of depositing the cash equivalent of the required bond in lieu of making and tendering the supersedeas bond itself. In other words, if the Relator (as appellant in the main cause) desired to suspend the execution of the judgment, he was required to either tender the supersedeas bond to the clerk or make a cash deposit in lieu thereof, such deposit being in the amount the supersedeas bond would have been. Subdivision (h) does not permit him to do nothing.

Since Rule 364 made available to Relator all the relief he seeks here, by providing him with a plain, adequate and complete legal remedy, he is not entitled to a writ of prohibition. Burch v. Johnson (El Paso, Tex.Civ.App.1969) 445 S.W.2d 631, no writ history; Boothe v. Nelson (Amarillo, Tex.Civ.App.1959) 321 S.W.2d 321, no writ history; Georgian Oil Corporation v. Chemical Process Co. (Eastland, Tex.Civ. App.1941) 151 S.W.2d 280, no writ history.

■ A writ of prohibition is an extraordinary remedy which is only granted in cases of extreme necessity and not for grievances which may be redressed by an available adequate legal remedy. Hebert v. Probate Court No. 1 of Harris County (Houston 14th, Tex.Civ.App.1971) 466 S. W.2d 849, no writ history; Stone v. Kuteman (Amarillo, Tex.Civ.App.1941) 150 S. W.2d 107, no writ history.

Relator's motion for leave to file the petition for writ of prohibition is denied. Rule 383, Texas Rules of Civil Procedure.

Motion denied.