LOS CAMPEONES, INC., Appellant,

v.

VALLEY INTERNATIONAL PROPER-
TIES, INC., Appellee.

No. 1604.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 15, 1979.

See, also, 568 S.W.2d 680.

Joel W. Cook, Schlanger, Cook, Cohn & Mills, Houston, C. Fount Ray, Ransome & Ray, P.C., Brownsville, for appellant.

Joel William Ellis, Harlingen, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from an order entered by the trial judge which directed the District Clerk of Cameron County to return to the attorney for the appellee, Valley International Properties, Inc., cash deposits which appellee had deposited in the registry of the trial court in lieu of a supersedeas bond during the pendency of a prior appeal. We are initially faced with appellee's motion to dismiss which challenges the appealability of the trial court's order.

The initial controversy began on July 25, 1977, when Los Campeones, Inc., filed suit seeking an order directing Valley International Properties, Inc., to hold a shareholders' meeting pursuant to Article 2.24 B of the Texas Business Corporation Act (Supp. 1978). Thereafter, on September 7, 1977, the trial court entered an order directing a shareholders' meeting to be held on September 26, 1977. Valley International Properties, Inc., appealed from that order to this Court, and filed a cash supersedeas deposit in the amount of $15,000.00 in lieu of a supersedeas bond. On June 15, 1978, this Court affirmed the judgment of the trial court, and, on October 28, 1978, the Texas Supreme Court refused the application, finding no reversible error. Thereafter, Valley International Properties, Inc., filed an appeal in the United States Supreme Court. This Court, after hearing arguments of counsel, granted a motion of Los Campeones to increase the amount of the original cash deposit and ordered the supersedeas increased to a total of $21,000.00 during the pendency of that appeal. Thereafter, the United States Supreme Court denied the appeal, and this Court issued its mandate on November 27, 1978.

Los Campeones, Inc., then filed a motion styled, "Amended Motion to Pay Plaintiff Damages for Supersedeas," under the same cause number as the original suit in the trial court. This motion alleged in substance that several specified events which occurred during the pendency of the prior appeal had damaged Los Campeones, Inc. In accordance with such allegations, the movant requested the trial court to order the funds deposited in the registry of that court be paid to Los Campeones. Valley International Properties, Inc., on the other hand, filed a motion requesting the trial court to order the District Clerk to return the funds that they had deposited in the registry of the court to them. Thereafter, the trial court heard evidence to consider the parties' respective motions and determined that Los Campeones, Inc., should receive nothing and that the supersedeas funds should be returned to Valley International Properties, Inc. It is from this order that Los Campeones appeals.

Valley International Properties, Inc., contends that the trial court merely exercised its ministerial duty to give effect to the judgment by holding a hearing and by entering an order requiring the return of the cash supersedeas bond to its attorney. Appellee argues that the trial court's order is not an appealable order subject to review and, therefore, this appeal must be dismissed.

We do not agree that the trial court was acting purely within its ministerial authority to give effect to the judgment. The trial court's original judgment ordering a shareholders' meeting to be held did not involve a monetary award to either party. We affirmed that judgment and our mandate which was issued after the completion of the entire appellate process as such, did not encompass the disposition of the supersedeas cash deposits. Such disposition could not be determined from the face of the record. We are of the opinion that the issues concerning the proper disposition of the supersedeas cash deposit under the facts of this case involve more than the mere ministerial

duty of enforcing the judgment. The trial court's hearing and subsequent order disposing of such deposits entered after the issuance of our mandate exceeded the scope of the mandate. See *Wilson Finance Company v. State*, 348 S.W.2d 639, 641 (Tex.Civ.App.—Austin 1961, writ ref'd.); *State v. Watts*, 197 S.W.2d 197, 198–99 (Tex.Civ.App.—Austin 1946, writ ref'd.). Therefore, contrary to appellee's conclusion, if the trial court had jurisdiction to enter such an order, we would have had jurisdiction to review the disposition of the cash supersedeas deposits in this appeal.

■ In considering the jurisdictional questions, it must be remembered that a supersedeas bond [1] or a cash deposit in lieu of a supersedeas bond given by an appellant is a mere incident to the cause of action and judgment appealed from and is given to afford the adverse party the means of enforcing the judgment if the appeal or writ of error is not prosecuted with effect. *Casray Oil Corporation v. Royal Indemnity Co.*, 165 S.W.2d 244 (Tex.Civ.App.—Galveston 1942) aff'd, 141 Tex. 33, 169 S.W.2d 955 (1943); *Robertson v. Land*, 519 S.W.2d 227 (Tex.Civ.App.—Tyler 1975, no writ); *Crockett v. Logue*, 515 S.W.2d 958 (Tex.Civ.App.—Waco 1974, no writ). All final judgments, unless otherwise provided by statute, may be superseded, pending appeal, by the filing of a supersedeas bond even though the judgment in question does not require a writ of execution or other process to enforce them. *Continental Oil Company v. Lesher*, 500 S.W.2d 183 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). Rule 368, Texas Rules of Civil Procedure, provides in substance that when a proper supersedeas bond has been filed, execution of the judgment, or so much thereof as has been superseded, shall be stayed.

In this case, the cash deposits in lieu of a supersedeas bond were filed in the registry of the trial court pursuant to Rule 364(e), Texas Rules of Civil Procedure, which provides as follows:

"Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment *in any loss or damage occasioned by the delay on appeal.*" (Emphasis added.)

Here, the initial cash supersedeas deposit was fixed by the trial judge in the amount of $15,000.00 in order to "secure the Plaintiff in judgment [Los Campeones, Inc.] in any loss or damage occasioned by delay on appeal." Pursuant to Rule 365, Texas Rules of Civil Procedure, this Court, after a hearing, increased the amount of the cash supersedeas deposit during the pendency of the appeal to the United States Supreme Court to further protect Los Campeones, Inc., if in fact it had been damaged, occasioned by the delay on appeal.

■ The terms "loss or damage" within the meaning of Rule 364, and as used in the original order fixing the amount of the cash deposit, refer to monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally. See *State v. Watts*, 197 S.W.2d 197, 198 (Tex.Civ.App.—Austin 1946, writ ref'd.).

Appellant, Los Campeones, Inc., concedes that this Court (or the trial court) could not summarily ascertain the amount of monetary damages, if any, occasioned by the delay in appeal because such damages were not apparent from the face of the record. Appellant also concedes, and we agree, that in such a situation when the judgment of the trial court is affirmed on appeal, it is necessary to resort to an independent suit for a determination of its entitlement to the cash supersedeas deposits. See *Trent v. Rhomberg*, 66 Tex. 249, 18 S.W. 510 (1886); *Burck v. Burroughs*, 64 Tex. 445 (Tex.Sup. 1885); *State v. Watts*, 197 S.W.2d 197 (Tex.Civ.App.—Austin 1946, writ ref'd.); *Harrison v. Barngrover*, 118 S.W.2d 415 (Tex.Civ.App.—Beaumont 1938, writ ref'd.).

1. Supersedeas has been defined generally as "[a] suspension of the power of a trial court to issue an execution on judgment appealed from.

. . ." Black's Law Dictionary (4th Ed. 1951), p. 1607.

We have carefully examined the cases cited by appellant to support its contention that the respective parties' motions filed in the trial court should be treated as independent suits regardless of their designation as "motions," and find that the cases are distinguishable from the present case. See *Custer v. McGough*, 184 S.W.2d 668 (Tex. Civ.App.—Eastland 1944, no writ); *Keith v. Keith*, 286 S.W. 534 (Tex.Civ.App.—Austin 1926, no writ). Each of the cited cases involved a subsequent petition filed under the designation "motion," which sought to modify the custody provisions of a prior divorce decree. In each instance, the suit was treated as an independent suit because the "motion" sufficiently alleged facts showing changed circumstances against the opposing party's claim that the prior divorce decree was res judicata as to the issues before the court in the subsequent suits seeking modification. In addition, each was treated as an independent suit by the issuance of service of process.

█ Rule 369, Texas Rules of Civil Procedure, provides, in relevant part, as follows:

"In every case removed by appeal . . ., the clerk of the trial court shall . . . keep the said cause in its proper place on the docket for disposition after the appeal has been decided; and *immediately upon return of the mandate from the appellate court shall, if the judgment has been affirmed . . . remove the case from the docket and proceed to issue process to enforce the judgment as in other cases; . . .*" (Emphasis added.)

When, as here, the appellate court affirms the judgment of the trial court, the clerk of such trial court must remove the case from the docket immediately upon return of the mandate from the appellate court, and the trial court must then give effect to the judgment by executing it through proper orders and process. *Myers v. Myers*, 515 S.W.2d 334 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd.); 4 Tex.Jur.2d Part II, Appeal & Error §§ 984, 985 (1974). See *Burck v. Burroughs*, 64 Tex. 445, 447 (1885). The acts of issuing such execution and orders are ministerial duties of the trial court. 4 Tex.Jur.2d, Part II, § 987, p. 719 (1974).

█ Here, the trial judge attempted to exercise more than the ministerial duties of enforcing the judgment to hold a shareholders' meeting. The "motions" were not treated as the institution of an independent suit. No service of process was served on appellee. We conclude that the trial judge acted without jurisdiction in hearing the motions and in entering the order directing the return of the supersedeas deposit to appellee's attorney. Accordingly, we are without jurisdiction to consider this appeal.

Appeal dismissed.

## ON MOTION FOR REHEARING

In our original opinion, we concluded that the trial judge exceeded his jurisdiction when, after a hearing, he entered an order directing a return of the supersedeas deposits to appellee's attorney. We dismissed the appeal.

Both appellant and appellee have filed motions for rehearing for our consideration. Appellee, Valley International Properties, Inc., again urges us to consider that the order entered by the trial judge is final and not appealable. In support of this position, appellee presents arguments concerning judicial economy. As meritorious as these arguments sound, they were considered before. Appellee's motion for rehearing is overruled.

█ Appellant contends in its "motion for revision of judgment and for rehearing" that, in addition to dismissing the appeal, this Court should have entered a judgment reversing the trial court's order in question. This point is well taken. Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the appeal. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961); *Eubanks v. Hand*, 578 S.W.2d 515, 517 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Travelers Express Co., Inc. v. Winters*, 488 S.W.2d 890 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.). Accordingly, we

hereby modify our original judgment, set aside the trial court's order of July 12, 1979, and dismiss the appeal.