**Motion Granted and Order filed July 31, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00530-CV
_____

### DALLAS CITY LIMITS PROPERTY CO., L.P., Appellant

### V.

### AUSTIN JOCKEY CLUB, LTD., CRADY, JEWETT & MCCULLEY, L.L.P., and KTAGS DOWNS HOLDING COMPANY, L.L.C, Appellees

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-16733**

---

## ORDER

The underlying case is an interpleader action in which Dallas City Limits Property Co., LP (DCL) appeals from an order to transfer shares of stock placed into the trial court's registry. In connection with an attempt to transfer the ownership of a horse racing license, Austin Jockey Club, Ltd. and DCL entered into a stock purchase agreement in 2005 for DCL to purchase the stock of Longhorn Downs, Inc., a subsidiary of Austin Jockey Club and the owner of the racetrack license. The agreement required the Texas Racing Commission to approve the transfer. The Racing Commission denied the request

to transfer the stock to DCL. Austin Jockey Club then entered into a new agreement with KTAGS Downs Holding Company, LLC, and the Racing Commission has now approved the transfer to KTAGS.

On June 8, 2012, the trial court signed an amended final judgment granting declaratory relief, ordering the interpleaded stock delivered to KTAGS, and awarding attorney's fees against DCL. The court also signed an order setting the amount of the bond necessary to supersede the judgment at $484,825, which is the amount that the court determined was sufficient to suspend enforcement of the money judgment for attorney's fees. *See* Tex. R. App. P. 24.2(a)(1). In its order, the court ruled that DCL is not entitled to suspend the portion of the judgment ordering the transfer of the 1000 shares of stock in Longhorn Downs, Inc., held in the court's registry.

On June 11, 2012, DCL filed an emergency motion in this court seeking to stay post-judgment proceedings pending our review of the trial court's order setting the appeal bond. *See* Tex. R. App. P. 24.4 (stating that appellate court may review the sufficiency of the amount of security, including the trial court's determination whether to permit suspension of enforcement). We granted the motion for temporary relief and issued a stay order on June 12, 2012. Austin Jockey Club and KTAGS have now filed responses to DCL's motion. On July 12, 2012, DCL filed a supplement to its motion, including a copy of the opinion issued on July 11, 2012, in the appeal from the main suit over the transfer of the racing license. *See Dallas City Limits Prop. Co. v. Austin Jockey Club, Ltd.,* No. 05-11-00140-CV, 2012 Tex. App. LEXIS 5504 (Tex. App.—Dallas July 11, 2012, no pet. h.). DCL asserts that the judgment in this case is in error because it was based in part on the *res judicata* effect of the Dallas court judgment, which has now been reversed.

In the Dallas suit, the jury found that Austin Jockey Club breached the stock purchase agreement, but DCL did not. *See id.* at *4. The jury also found that Austin Jockey Club had unreasonably delayed the assertion of its rights related to DCL's negligent misrepresentation, and DCL had acted to its detriment in reliance on Austin Jockey Club's delay. *Id.* The trial court entered a take-nothing judgment against both

2

parties. *Id.* The Dallas Court of Appeals found the evidence sufficient to support the jury's findings. *Id.* at \*18-20. The court of appeals reversed the trial court judgment, however, holding that the lower court was required to grant DCL's requested trial amendment seeking a declaration that "Austin Jockey Club's termination of the Stock Purchase Agreement was wrongful and ineffective." *Id.* at \*8, \*13. The case was remanded to the trial court for a new judgment on the jury's verdict in light of the trial amendment. *Id.* at \*14.

The Dallas court addressed Austin Jockey Club's contention that DCL's appeal had been rendered moot by the Racing Commission's approval of the transfer to KTAGS. *Id.* at \*4. The court recognized that DCL possesses a superior contractual right to the stock because it was uncontroverted that KTAGS's stock purchase agreement is expressly subject to DCL's contract rights. *Id.* The court reasoned that "[a]lthough Racing Commission approval is necessary to obtaining licensee status, it has no direct bearing on DCL's contractual right to purchase the Stock." *Id.* Accordingly, DCL urges that it be permitted to supersede the stock transfer portion of the judgment below to preserve its superior right to purchase the stock, alleging that it will be extremely difficult, if not impossible, to reverse the stock transfer after it has taken place. *See* Tex. R. App. P. 24.1(f) (supersedeas suspends enforcement of judgment); *see also Smith v. Texas Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied) (stating that supersedeas preserves the status quo of the matters in litigation).

We review a trial court's ruling on an order determining the amount and type of security to suspend enforcement of a judgment for an abuse of discretion. *See* Tex. R. App. P. 24.4(a)(5); *EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). A trial court's discretion under Rule 24 does not extend to denying a party its appeal. *See In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998) (orig. proceeding) (denying right to supersede judgment requiring production of information impermissibly denies an effective appeal). In *Hydroscience Technologies, Inc. v. Hydroscience, Inc.*, 358 S.W.3d 759 (Tex. App.—

3

Dallas 2011, no pet.), the appellate court reviewed an order denying appellant's request for a supersedeas bond from a declaratory judgment determining that appellee was an owner of corporate shares and entitled to inspect the corporate books. By denying the corporation a right to supersede the portion of the judgment ordering inspection of the corporate books, the court effectively denied the corporation's appeal. *Id.* at 761. The court reasoned that once the books were inspected, the corporation would have lost the right to prevent disclosure and appellee would have the benefit of acting as a shareholder. *Id.* The court remanded for the trial court to set a bond to suspend inspection of the corporate books. *Id.* Similarly, in this case, transfer of the stock may serve to deny DCL an effective appeal. DCL asserts that it will suffer irreparable harm if the transfer of the stock is not superseded.

In Texas, all final judgments, absent a statutory prohibition, may be superseded pending appeal by the filing of a proper supersedeas bond. *Ex parte Kimbrough*, 135 Tex. 624, 146 S.W.2d 371, 372 (1941); *Elizondo v. Williams*, 643 S.W.2d 765, 767 (Tex. App.—San Antonio 1982, no writ). Texas Rule of Appellate Procedure 24 provides that a judgment may be superseded by a "judgment debtor," but the rule does not define the term. *See* Tex. R. App. P. 24.1. Chapter 52 of the Texas Civil Practice and Remedies Code, which governs security for money judgments pending appeal, also does not define the term. *See* Tex. Civ. Prac. & Rem. Code §52.001. Appellee argued below, and the trial court ruled in its order setting supersedeas bond, that DCL is not a "judgment debtor" with respect to the portion of the judgment ordering the stock held in the court's registry transferred to KTAGS, and therefore, it cannot suspend enforcement of the stock transfer.[1]

---

[1] Appellees cite this court's unpublished opinion in *Hearn v. Cox & Perkins Exploration, Inc.,* No. 14-98-01275-CV, 2000 WL 977372 at *5 (Tex. App.—Houston [14th Dist.] 2000, no pet.) for the proposition that the term "judgment debtor" does not apply to a party appealing an interpleader order. Not only was the decision in *Hearn* limited to the facts of the case, it has no precedential value. *See* Tex. R. App. P. 47.7(b) (stating that unpublished opinions prior to January 1, 2003 have no precedential value).

A party to an interpleader action has traditionally had the right to suspend the judgment by giving a supersedeas bond, thus staying the paying out of money by the court clerk until final determination of the case. *See Crockett v. Logue,* 515 S.W.2d 958, 959 (Tex. Civ. App.—Waco 1974, orig. proceeding) (loser in interpleader had remedy by supersedeas bond); *Burch v. Johnson,* 445 S.W.2d 631, 632 (Tex. Civ. App.—El Paso 1969, orig. proceeding) (denying leave to file writ of injunction to stop release of interpleaded funds where adequate remedy at law existed through supersedeas); *see also Northshore Bank v. Commercial Credit Corp.,* 668 S.W.2d 787, 790 (Tex. App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.) (recognizing that judgment in an interpleader action could have been superseded). After the Texas Rules of Appellate Procedure were amended to include the term "judgment debtor," this court has continued to recognize the duty of a losing claimant to interpleaded funds to protect those funds by filing a supersedeas bond.[2] *See Heggy v. Am. Trading Employee Ret. Account Plan*, 123 S.W.3d 770, 777 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

The judgment in this case effectively is one for recovery of an interest in personal property. *See* Tex. R. App. P. 24.2(a)(2)(B). In Texas, stock is considered personal property, even when the underlying corporation owns real property. *Brosseau v. Ranzau,* 81 S.W.3d 381, 387 (Tex. App.—Beaumont 2002, pet. denied); *see Evans v. Prufrock Restaurants, Inc.,* 757 S.W.2d 804, 806 (Tex. App.—Dallas 1988, writ denied) (holding that sale of stock was personalty). Therefore, we conclude that DCL has a right to

---

[2] We note that the supersedeas rules originally used the term "appellant" instead of "judgment debtor." *See* former Tex. Rev. Civ. Stat. art. 2270 (1892), *repealed by* former Tex. R. Civ. P. 364 (1984), *repealed by* former Tex. R. App. P. 47 (1986), *renumbered and amended as* Tex. R. App. P. 24.2, 60 Tex. B.J. 876 (1997, amended 2003, 2008). The amendments of the supersedeas rules do not reflect an intention to make a substantive change to limit the type of party who may supersede a judgment by use of the term "judgment debtor." *See id.*; *see generally* Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal after HB 4,* State Bar of Tex., 23rd Annual Advanced Civil Appellate Practice Course (2009). Instead, the rules address the type of judgment. *See* Tex. R. App. P. 24.2. When a judgment is for "something other than money or an interest in property," a trial court "may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage . . . ." Tex. R. App. P. 24.2(a)(3).

supersede that portion of the trial court's judgment requiring transfer of the Longhorn Downs stock held in the court's registry.

When a judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post, but it must be at least "the value of the property interest on the date when the court rendered judgment, if the property interest is personal." Tex. R. App. P. 24.2(a)(2)(B). Accordingly, the amount necessary to suspend enforcement of the transfer of the 1000 shares of stock in Longhorn Downs, Inc., held in the court's registry, should be at least the value of the stock as of the date of judgment.

To supersede the judgment, the judgment debtor may file a bond or, in lieu of bond, may deposit money with the trial court clerk. *See* Tex .R. App. P. 24.1(a)(2), (3). Rule 24.1 also states that a judgment may be superseded by providing alternate security ordered by the court in lieu of a bond. Tex. R. App. P. 24.1(a)(4). It is possible for a judgment debtor to supersede a judgment by adopting funds already held in the court registry. *See Kohannim v. Katoli*, No. 08-11-00155-CV, 2011 WL 2586779, *2 (Tex. App.—El Paso June 29, 2011, no pet.) (mem. op.); *see also In re Levitas*, No. 13–10–00345–CV, 2010 WL 2968189, at *3 (Tex. App.—Corpus Christi July 27, 2010, orig. proceeding) (mem. op.). DCL requests that the shares of stock held in the court's registry be ordered as sufficient security to suspend the judgment.

The goal in setting the supersedeas bond is to require an amount which will adequately protect the judgment creditor against any loss or damage occasioned by the appeal. *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). In evaluating the potential loss or damage caused by the appeal, we note that the Dallas Court of Appeals has determined that DCL has a superior right to the stock. *See Dallas City Limits,* 2012 Tex. App. LEXIS 5504, at *4. In addition, DCL paid the $1.5 million purchase price for the stock. *Id.* at *2. The only allegation of harm in permitting supersedeas cited in response to DCL's motion is the harm from the continued delay in finalizing a transaction that began in 2005, impliedly recognizing that disallowing

6

supersedeas will permit completion of the sale to KTAGS without regard for DCL's rights with respect to the stock purchase agreement. Because the stock will remain in the court's registry, we conclude that the parties' interests will be protected by an order holding the stock in the court's registry as supersedeas pending appeal. We hold that based on these facts, 1000 shares of stock in Longhorn Downs, Inc., held in the trial court's registry, are sufficient to supersede the portion of the judgment ordering the transfer of the stock to KTAGS.

The trial court retains jurisdiction, even after its plenary power has expired, to order the amount and type of security required to suspend enforcement of the judgment. Tex. R. App. P. 24.3(a). Accordingly, we **GRANT** appellant's motion, and remand to the trial court with directions for the trial court to order security to suspend enforcement of the transfer of stock in accordance with this order. This court's temporary stay of enforcement of the judgment remains in effect for a period of twenty days after the trial court has signed an order setting the additional security as ordered herein, after which time this court's stay order will be dissolved. *See* Tex. R. App. P. 24.2 (c)(3), 24.4(e) (granting additional twenty days to comply with order for additional security to supersede a judgment).

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

7