

# NUMBER 13-20-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE MATTER OF BUMSTEAD FAMILY IRREVOCABLE TRUST

---

On appeal from the Probate Court No. 1
of Harris County, Texas.

---

# ORDER

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Order Per Curiam

On August 10, 2020, this Court issued an order granting in part and denying in part

"Appellants' Motion for Emergency Stay and To Remand the Trial Court's Order for Further

Proceedings."[1] This Court subsequently affirmed that order on August 20, 2020. By order

issued on September 10, 2020, this Court: (1) ordered "Appellees' Motion to Dismiss the

---

[1] Appellants include Taylor C. Moss, individually, as trustee of the TCM Trust; the Bumstead Living Trust; the Bumstead Family Trust; the Bumstead Survivor's Trust; and the Sylvia M. Bumstead Revocable Trust, and as Manager of Wolf Trot Properties, LLC and Wolf Trot Properties d/b/a Melia Investments, LLC, DeisoMoss, LLC and DeisoMoss Property Management, LLC.

Appeal as to Suspension and Accounting Decrees"[2] to be carried with the case; (2) denied "Appellants' Emergency Motion to Clarify or Amend Stay Order"; and (3) granted in part and denied in part appellees' "Emergency Motion to Require Bond and Emergency Motion to Advance."

In so ruling on the appellees' emergency motion, we abated and remanded this appeal to the trial court for a full consideration of appellees' request for the appellants to provide security during the pendency of this appeal and to determine the appropriate amount of a bond. We directed the trial court to utilize whatever means necessary to make appropriate findings and recommendations concerning this matter. *See generally* TEX. R. APP. P. 24. We directed the trial court to file supplemental records regarding these proceedings on remand.

This Court has now received first, second, and third supplemental clerk's records and a five-volume reporter's record. We have further received "Appellees' Motion to Act on the Findings and Recommendations, and to Set a Due Date for Filing the Appellants' Brief," a response thereto from appellants, and a reply from appellees. On March 2, 2021, we reinstated this case and informed the parties that the appellants' brief was due on or before March 22, 2021. That same day, we ordered "Appellees' Motion to Act on the Findings and Recommendations" to be carried with the case.

We now address "Appellees' Motion to Act on the Findings and Recommendations" considering the proceedings on remand. In response to our directive, the trial court

---

[2] Appellees include Debra M. Holzworth, Kathryn S. Marcotte, and Carol Bumstead Moss, Individually, as Trustees of their respective Exempt Trusts, as Trustees of their respective Descendant's Trusts, as Co-Trustees of the Bumstead Family Irrevocable Trust, and as Named Co-Trustees of the Bumstead Family Trust.

concluded as follows:

The Thirteenth Court of Appeals remanded this matter to the trial court to consider the appellee's request for a bond pending the appeal instructing the trial court to "utilize whatever means necessary to make appropriate findings and recommendations concerning this matter."

The disputed facts for the purpose of this remand are, generally, whether an appointment of trustee was valid, and if not, who is or are the proper trustee(s); whether the purported trustee breached his fiduciary duties; and whether certain trusts managed by the purported trustee terminated by their own terms and no are longer in existence. The lawsuit contains several other allegations that are not discussed in this order.

During the month of May of this year, this court conducted a five-day evidentiary hearing for temporary relief based on Tex. Prop. Code [§] 114.008, in which approximately 800 exhibits were admitted into evidence. At the conclusion of the hearing, this trial court found that there are genuine issues of fact as to who is the proper trustee and whether certain trusts terminated by their own terms. More importantly, this court found that breaches of trust had occurred and might occur, thus a remedy should be granted to preserve the trust assets and protect the status quo until the trier of fact could make a final determination. Therefore, on July 20, 2020, this trial court signed an order for temporary relief that suspended the purported trustee's powers and appointed a neutral third-party receiver with a bond of $10,000,000.00 (ten million dollars), inter alia, as authorized by Tex. Prop. Code §§ 114.008 (5) & (6).

The order of the Thirteenth Court of Appeals states, "Although our stay order remains in effect, we encourage the trial court and parties to attempt to resolve matters pertaining to the preservation and management of the assets that are the subject of this appeal. We are cognizant of the delicate balance between maintenance of the status quo pending appeal, the necessity to preserve the assets at issue, and the need to protect the rights of all the parties to this appeal." Additionally, the order of the Court of Appeals left intact this court's order retaining "exclusive jurisdiction over all assets, monies, securities, and property (whether real or personal, tangible or intangible) of whatever kind and character, wherever located, which directly or indirectly belong to the Bumstead Living Trust, The Bumstead Family Trust, the Survivor's Trust, the Sylvia M. Bumstead Revocable Trust, and Ridescka and the Ridescka Entities."

Because of the dispute between the parties and the trial court's order granting temporary relief followed by the Court of Appeals' order to abate, JP Morgan Chase bank suspended all accounts related to the disputed

matters—a combined amount of approximately $2.5 million. On September 9, Chase filed a *Petition in Intervention and Interpleader,* seeking to interplead the funds into the registry of the Court pending the proceedings.

The trial court held an evidentiary hearing on November 3, 2020, to determine whether to set a bond pending appeal and, if so, the appropriate amount of the bond. At the hearing, the court explored the possibility of a settlement pending the appeal. At the conclusion of the hearing, the court suspended the issuance of an order to allow the parties to continue settlement negotiations. A follow-up hearing was scheduled on November 11, 2020 to consider a settlement or issue an order in the event the parties could not resolve the matters. The parties did not reach a resolution and the Court rendered its order orally in open court, as stated below.

The Court finds that, pursuant to the instructions of the Court of Appeals on remand, in order to preserve the status quo while balancing the need to preserve the assets at issue, Taylor C. Moss should provide a bond; that the amount of the bond shall be $10,000,000.00 (ten million dollars). The amount of the bond was calculated upon a purported, but disputed, value of over $12 million, plus an additional amount equal to funds distributed to pay Appellant's attorneys then reduced by the amount deposited into the registry of the Court. The Court signed a separate order to deposit the fonds held at JP Morgan Chase into the registry of the Court.

It is the Court's recommendation that a better interim solution to meet the stated goals of the Court of Appeals and assist the parties toward a more speedy resolution would be to reinstate this Court's order appointing a Receiver, but that option is not available to the trial court at present.

IT IS THEREFORE ORDERED THAT Taylor C. Moss shall file a bond in the amount of $10,000,000.00 (ten million dollars) within 20 days of the date ff this Order, conditioned as provided by law and approved by this court.

(Internal footnotes omitted). The trial court further noted that the amount set for Moss's bond, $10,000,000.00, was the same amount as the bond previously set for the receiver, that one estimate for the required bond was more than $17,000,000.00, and that the parties had agreed to the additional amount of a bond to cover the distributions used for attorney's fees.

4

Unless the law or the Texas Rules of Appellate Procedure provide otherwise, a judgment debtor is entitled to supersede a judgment and thus defer its enforcement while pursuing an appeal. *See* TEX. R. APP. P. 24.1; *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). "[T]he purpose of a supersedeas bond is to preserve the status quo by staying the execution or enforcement of the judgment or order appealed from pending the appeal." *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 829 (Tex. 2020) (quoting *Shell Petroleum Corp. v. Grays*, 62 S.W.2d 113, 118 (Tex. 1933)). Supersedeas bonds "must adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.2(a)(3); *see Haedge*, 603 S.W.3d at 827. This rule requires calculating the "loss or damage" that the judgment creditor faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded. *Haedge*, 603 S.W.3d at 827. "Loss or damage" in the supersedeas context refers to "monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally." *Haedge*, 603 S.W.3d at 828 (quoting *State v. Watts*, 197 S.W.2d 197, 198 (Tex. App.—Austin 1946, writ ref'd)); *see Los Campeones, Inc. v. Valley Int'l Props., Inc.*, 591 S.W.2d 312, 314 (Tex. App.—Corpus Christi–Edinburg 1979, no writ).

Under Texas Rule of Appellate Procedure 24, appellate courts may review (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *AME & FE Invs., Ltd. v. NEC Networks, LLC*, 582 S.W.3d 294, 297 (Tex. App.—San Antonio 2017, pet. denied) (op. on motion); *In re Kajima Int'l, Inc.*, 139 S.W.3d 107, 111 (Tex. App.—

Corpus Christi–Edinburg 2004, orig. proceeding). We apply an abuse of discretion standard to review rulings on supersedeas. *Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

The Court, having examined and fully considered appellees' motion to require a bond, the proceedings on remand, and the parties' briefing, is of the opinion that the trial court did not abuse its discretion in ordering appellant Taylor C. Moss to file a bond in the amount of $10,000,000. Accordingly, we grant "Appellees' Motion to Act on the Findings and Recommendations," and we sustain the trial court's order of November 12, 2020.

PER CURIAM

Delivered and filed on the
11th day of March, 2021.

6