# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-20-00115-CV

**Ellen L. Adams and Steven Adams, Appellants**

**v.**

**Bhavna Godhania and Vikas Godhania, Appellees**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-18-001092, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## O P I N I O N

We withdraw our previous opinion and judgment issued on June 25, 2021, and substitute the following opinion and judgment in their place. We grant in part and deny in part the amended motion for rehearing filed by appellants Ellen L. Adams and Steven Adams and the motion for rehearing filed by appellees Bhavna Godhania and Vikas Godhania.

Appellants appeal from the trial court's order disbursing a cash bond that was posted to supersede enforcement of a forcible-entry-and-detainer judgment in favor of appellees. In two issues on appeal, appellants assert that the trial court abused its discretion in (1) disbursing the bond to appellees in the absence of pleadings or proof as to the damages that appellees incurred on appeal and, in the alternative, (2) abused its discretion in calculating the

amount of the bond to be disbursed to appellees. We will reverse the trial court's order and remand for further proceedings consistent with this opinion.

## BACKGROUND

In December 2017, appellees filed suit to evict appellants from appellees' home, which appellees had purchased from Bank of America in November 2017.[1] Appellees prevailed before the justice of the peace, and appellants appealed to the county court at law (the trial court). The justice of the peace set a total bond of $7,000 pending appeal to the trial court.

During the hearing before the trial court in April 2018, appellees presented evidence as to the value of their property at that time. Vickie Karp, an Austin realtor, testified that the "probable market value" of the property was in the range of 1.3 to 1.4 million dollars. She also testified that the property had a rental value of approximately $6,000 per month. Vikas Godhania testified that appellees had paid approximately $33,000 in taxes on the property, that HOA fees were approximately $100 per month, and that appellees were paying approximately $3500-$3600 per month to live elsewhere during the time that appellants remained in possession of their property. Godhania testified that based on discussions with his lawyer, he was

---

[1] Appellants purchased the property in 2006 and stopped making payments on the promissory note in 2009. *See Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *1 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.). Bank of America, which serviced the note, foreclosed on the property in 2012 and attempted to evict appellants in 2016. *Id*. Appellants prevailed in justice court, but Bank of America prevailed on appeal in the county court at law, and appellants appealed to this Court. *Id*. While that appeal was pending, Bank of America sold the property at auction to appellees. *Id*. The pending appeal, which had since been transferred to the 14th District Court of Appeals in Houston, was dismissed by agreement of the parties, and the trial court's judgment in favor of Bank of America was vacated, leaving appellants in possession of the property. *See id*.; *see also Adams v. Bank of Am., N.A.*, No. 14 17-00578-CV, 2018 WL 614780, at *1 (Tex. App.—Houston [14th Dist.] Jan. 30, 2018, no pet.) (per curiam) (dismissing appeal).

concerned that the appeal could last up to eighteen months and that the bond amount would not be sufficient to cover his expenses during that time.

During her closing statement, counsel for appellees argued that the appeal could take approximately two years to complete and asked the trial court to set bond at an amount that "bears a resemblance to the market value of the property." She explained,

> To the extent that there is a bond issued, Your Honor, we're respectfully requesting that the numbers of 6,000 or above be considered. Tax expenses alone on this property are at least 2,000 a month right off the top. This is an affluent neighborhood. There's a swimming pool. It's over 6,000 square feet. There's six bedrooms. It's a high-quality home on the proper side of the street with a greenbelt. . . . [T]o the extent there's an appeal, Your Honor, [we ask] that an immediate bond be set in a total amount to be remitted to the court in one lump sum, Your Honor, of approximately $144,000, which would be a value transaction of $6,000 a month for 24 months, Your Honor.

In response, counsel for appellants did not address the specific amount of bond requested by appellees but argued that the bond should not be punitive, requested that the trial court permit appellants to make monthly payments instead of a lump sum, and asked that the trial court set the bond amount based on a percentage of the value of the property.

After taking a brief recess, the trial court made its ruling in favor of appellees' right to possession of the property. Regarding the amount of bond, the trial court stated that it believed that appellees' estimate of $144,000 was "actually low" and set the total amount of supersedeas at $168,000, "[n]ot to be paid over time. It's going to be paid up-front." The trial court also ruled that the $7,000 bond posted in the justice court would be credited to that amount. No findings of fact or conclusions of law were requested or made. Appellants appealed the trial court's judgment as to possession of the property, *see Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *1 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.), but raised

no issue as to either the amount of supersedeas or the trial court's order that it be paid as a lump sum. Appellants deposited in cash the total amount owed into the trial court's registry.

In May 2019, this Court affirmed the trial court's judgment as to possession. *See id*. Appellants filed a motion for rehearing in this Court, which was denied in July 2019, and, in late September 2019, filed a petition for review in the Texas Supreme Court. While appellants' petition for review was pending, appellees filed a motion to increase the bond amount, arguing that as a result of the petition, the duration of the appeal "could extend well into the foreseeable future." The trial court granted the motion and ordered appellants to deposit an additional $22,800 into the registry of the court within ten days of the order and an additional $7,600 each month thereafter "until the conclusion of any pending appellate proceedings." In response, appellants filed an emergency motion for temporary relief in the Texas Supreme Court, which denied the motion. Appellants did not pay the additional amount of bond, and appellees filed a motion for writ of possession, which the trial court granted on December 6, 2019. On December 13, 2019, the Texas Supreme Court denied appellants' petition for review. Appellants surrendered possession of the property immediately thereafter.

On January 24, 2020, after this Court's mandate issued, appellees filed a motion to release the bond. The trial court held a hearing on the motion. At the hearing, appellants contested the motion, arguing that "the court's determination of the supersedeas bond is not equivalent to [a] determination of damages" and that because appellees did not plead or prove damages at trial, but sought only possession of the property, they were not entitled to recover any of the bond amount. At the conclusion of the hearing, at which no evidence was presented, the trial court granted the motion and ordered the release to appellees of "the full amount of the

4

funds deposited into the registry of the court plus any applicable interest." Appellants have appealed from that order.

## STANDARD OF REVIEW

The release of a supersedeas bond is reviewed for abuse of discretion. *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020). "Under an abuse of discretion standard, we defer 'to the trial court's factual determinations if they are supported by evidence,' but review legal determinations de novo." *Id*. (quoting *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)). A trial court abuses its discretion "when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case," or "when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

## DISCUSSION

### Recovery of supersedeas bond

In their first issue, appellants argue that the trial court abused its discretion in disbursing the supersedeas bond to appellees. According to appellants, appellees "never made a claim for, nor offered proof of, damages" that they "actually incurred" during the appeal, and "the judgment appealed from awarded neither damages, costs nor attorney fees." Thus, in appellants' view, appellees have "waived" their right to recover any amount from the bond, and the trial court is prohibited from awarding appellees any amount of the bond.

We agree with appellants to the extent that appellees are required to prove the amount of damages "actually incurred" during the appeal. "The supersedeas bond is part of the

5

right of appeal and is only intended to indemnify the judgment [holder] from losses caused by delay of appeal." *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ) (citing *State v. Watts*, 197 S.W.2d 197 (Tex. Civ. App.—Austin 1946, writ ref'd)). "The supersedeas bond is not an unconditional agreement to pay a stated sum of money; but imposes only a contingent or conditional liability, and its primary purpose is security." *Id.* If the judgment holder "suffers no loss" during the appeal, "then nothing is due him under the bond." *Watts*, 197 S.W.2d at 199.

Moreover, "the initial calculation of a supersedeas bond for appeal is different from the final calculation of loss or damage that results from the appeal." *Haedge*, 603 S.W.3d at 828 (citing *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 285 (Tex. 2018)). In calculating the amount of the bond to disburse to the prevailing party, courts are to determine the loss or damage that the prevailing party "*actually* incurred" during the appeal. *See id.* Evidence presented at a hearing setting the amount of supersedeas is "evidence of what damages the appeal *might* cause [the judgment holder] if its judgment were not immediately enforced, not what damages the appeal actually did cause it." *McFadin*, 539 S.W.3d at 285 (emphasis added). When the judgment is for the recovery of an interest in real property, as it was here, the supersedeas bond must be "at least" the value of the property interest's rent or revenue, Tex. R. App. P. 24.2(a)(2)(A), and the trial court is to "tak[e] into consideration the value of rents *likely* to accrue during appeal, damages which *may* occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate," Tex. Prop. Code § 24.007 (emphases added). Thus, the amount of the supersedeas bond set by the trial court may be different than the amount of damages "actually incurred" during the appeal.

6

"A court may not summarily ascertain the amount of monetary damages occasioned by delay in appeal." *Muniz*, 797 S.W.2d at 150. "When a judgment [holder] claims loss or damages resulting from the appeal, the [judgment holder] must prove the extent of the damage." *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 263 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (op. on reh'g) (citing *Watts*, 197 S.W.2d at 199). "'Loss or damage' in the supersedeas context refers to 'monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally.'" *Haedge*, 603 S.W.3d at 828 (quoting *Los Campeones, Inc. v. Valley Int'l Props., Inc.*, 591 S.W.2d 312, 314 (Tex. App.—Corpus Christi 1979, no writ)). "When the supersedeas bond covers rental amounts that accrue while the case is on appeal, the rental amounts cannot be determined on appeal, but instead 'must be determined by proof of facts transpiring after judgment and during the pendency of appeal.'" *Whitmire*, 333 S.W.3d at 263 (quoting *Watts*, 197 S.W.2d at 199). Such a determination is made by the trial court following the completion of the appeal. *See id*. at 263–64; *see also Bell v. Ray*, No. 02-12-00443-CV, 2014 WL 3535725, at *1 & n.4 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.).

In this case, there was evidence presented at the April 2018 trial as to the value of the property and other factors that the trial court considered in setting the amount of supersedeas, and similar evidence was presented at the October 2019 hearing to increase the supersedeas amount.[2] However, at the February 2020 hearing to disburse the bond, the trial court did not

---

[2] Appellees assert that we can imply from the order increasing the bond amount that the trial court necessarily found that appellees had been injured in an amount in excess of the posted bond. We disagree. By increasing the bond amount, the trial court impliedly found that the security posted by appellants had become inadequate to cover appellees' potential damages during the continued pendency of the appeal. *See* Tex. R. App. P. 24.3(a)(2). This does not

7

hear evidence as to the amount of loss or damage that appellees "actually incurred" after judgment and during the pendency of appeal. In fact, the trial court granted the motion to disburse funds without hearing any evidence, remarking that it believed the release of the bond in its entirety to appellees was "merely administerial." We agree with appellants that the trial court's release of the full amount of the bond to appellees, without hearing any evidence as to the loss or damage "actually incurred" during the appeal, was an abuse of discretion. *See McFadin*, 539 S.W.3d at 285.

However, we disagree with appellants that appellees have "waived" their right to recover any amount of the bond by failing to plead for damages incurred during the appeal and that the trial court is prohibited from awarding appellees any amount of the bond because damages incurred during the appeal were not awarded in the judgment. In arguing that appellants were required to plead damages, appellants rely on Texas Rule of Civil Procedure 510.11, which provides that in an appeal of a forcible detainer case from the justice court to the county court, "[o]n the trial [de novo] of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." Tex. R. Civ. P. 510.11. "In other words, the prevailing party in county court may recover certain damages— those suffered as a result of maintaining or obtaining possession—incurred during the time period from which the justice court renders judgment to the time the county court renders judgment." *Allen-Mercer v. Roscoe Properties*, No. 03-15-00674-CV, 2016 WL 4506294, at *4 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.). However, in this case, appellees are

---

mean that the trial court made any findings as to the damages "actually incurred" by appellees during the appeal.

seeking to recover damages incurred during the time period in which appellants appealed the county court's judgment to this Court. Thus, Rule 510.11 does not apply here.

Appellants also cite to cases holding that "a judgment must be supported by the pleadings" and that "a party may not be granted relief in the absence of pleadings to support that relief." *See, e.g.*, *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 450-51 (Tex. App.—Houston [14th Dist.] 2010, no pet.). It is true that appellees, by pleading for possession only, cannot recover any damages incurred prior to the county court's judgment. But appellees may recover damages that were actually incurred during the pendency of the appeal of the county court's judgment to this Court. However, such damages could not be pleaded by appellees or included in the trial court's judgment because they would be incurred after the county court's judgment had been rendered. The judgment here awarded possession of the property to appellees and set bond in the amount of $168,000 to suspend enforcement of the judgment. An order releasing the bond to appellees, provided that it is limited to the amount of damages appellees actually incurred during the pendency of the appeal, is not inconsistent with that judgment.[3]

In sum, we agree with appellants that the trial court abused its discretion in releasing the full amount of the supersedeas bond to appellees without hearing evidence as to the

---

[3] The case cited by appellants that comes closest to the facts here is *Schroeder v. LND Management, LLC*, 446 S.W.3d 94 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In that forcible detainer action, the justice court awarded damages to the prevailing party, but on appeal to the county court, no damages were awarded, and there was no appeal to a higher court. *Id.* at 96–97. Nevertheless, the county court disbursed half of the appeal bond to the prevailing party for the tenant's "use and occupancy on the property" following foreclosure, which was "wholly inconsistent with, and in addition to, the obligations set forth in the county court's final judgment." *Id.* at 97–98. In this case, in contrast, appellees are seeking only to recover damages incurred during the pendency of the appeal, and the trial court's order releasing the supersedeas bond for that purpose is not inconsistent with its judgment.

amount of damages appellees actually incurred during the appeal, but we disagree with appellants that appellees "waived" any recovery of the supersedeas bond by failing to plead damages or that an order releasing the bond would be inconsistent with the trial court's judgment. Accordingly, we reverse the trial court's order releasing the supersedeas bond to appellees and remand the case to the trial court to hear evidence and determine the damages actually incurred by appellees during the pendency of the appeal, from April 26, 2018, the date of the county court's judgment, to December 13, 2019, the date appellants surrendered possession of the property.[4]

We sustain in part and overrule in part appellants' first issue. Because we are reversing the trial court's order releasing the full amount of the supersedeas bond to appellees without hearing evidence as to the amount of damages actually incurred by appellees during the pendency of the appeal, we need not consider appellants' second issue, in which they assert in the alternative that the trial court abused its discretion in calculating the amount of the bond to be released to appellees.

---

[4] We note that "[t]he proper measure of damages in a forcible-detainer appeal" includes "the reasonable rental value of the property during the pendency of the appeal." *Daftary v. Prestonwood Market Square, Ltd.*, 399 S.W.3d 708, 712 (Tex. App.—Dallas 2013, pet. denied). Appellants assert that the rental value of the property is an inappropriate measure of damages in this case because their relationship with appellees "was not one of landlord and tenant in which the appellees were damaged by loss of rental income on a rental property during the appeal." However, as this Court explained in its earlier opinion regarding possession of the property, "[b]y defaulting on the payments resulting in the foreclosure and sale of their property, [appellants] became tenants at sufferance according to the deed of trust they executed." *Adams*, 2019 WL 2293572, at *2. Accordingly, the rental value of the property is an appropriate measure of damages in this case. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 921 (Tex. 2013) (explaining liability of tenants at sufferance).

**CONCLUSION**

We reverse the trial court's order releasing the supersedeas bond in its entirety to appellees and remand the case to the trial court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Reversed and Remanded on Rehearing

Filed: October 20, 2021