Justice Johnson delivered the opinion of the Court.
This is the second appeal arising out of a judgment dated October 20, 2014. In the first appeal, Lee Nick McFadin, III was the appellant and posted a supersedeas bond. After the appeal was unsuccessful, the trial court ordered McFadin and his surety to pay the full amount of the bond to the successful appellees. McFadin appealed from that order, but the court of appeals concluded it lacked jurisdiction because the payment order was not a final order and dismissed the appeal.
We disagree that the court of appeals lacked jurisdiction. We reverse and, in accordance with the relief sought by McFadin, remand to the court of appeals for further proceedings.
I. Background
In 1996, the Saks Children Trust purchased commercial rental property in San Antonio (the property). A few days later the Trust conveyed an undivided 25% interest in the property to Perry T. Donop, Jr. Donop and the Trust then formed a partnership to own and operate the property. In 2012, Donop conveyed his interest in the property and the partnership to Broadway Coffeehouse, LLC (Coffeehouse). Subsequently, the Trust's beneficiaries became involved in litigation and various instruments were filed purporting to transfer ownership interests in the property. Among those instruments was a deed to McFadin.
Due to the conflict involving the Trust, the beneficiaries, and the property, Coffeehouse sued the Trust and various parties, including McFadin, seeking a declaratory judgment that Coffeehouse and the Trust owned the property. It also sought partition of the property by sale. The trial court granted summary judgment and, by an order dated October 20, 2014, declared that Coffeehouse owned an undivided 25% interest in the property and the Trust owned the remaining undivided 75%. The judgment ordered the property partitioned *281 by sale, the proceeds distributed to Coffeehouse and the Trust based upon their ownership percentages, and the partnership wound up and terminated. It also awarded trial and appellate attorney's fees to Coffeehouse and the Trust. The judgment included a standard Mother Hubbard clause stating, "This is intended to be a final, appealable judgment which disposes of all claims and parties."
McFadin filed his notice of appeal and a motion to supersede the judgment. At a hearing to set the amount of the supersedeas bond, Coffeehouse and the Trust presented evidence of the value of the property and the rental income it produced. The trial court set the bond at $170,237.76, an amount equal to the property's rental value for eighteen months. See TEX. R. APP. P. 24.2(2) (stating that when the judgment is for the recovery of an interest in real property, the amount of security set by the trial court must be at least the value of the property's rent or revenue). McFadin and a surety, SureTec Insurance Company, eventually filed a bond for the full amount. The court of appeals affirmed the judgment on the merits and this Court denied McFadin's petition for review. Saks v. Broadway Coffeehouse LLC , No. 04-14-00734-CV, 2015 WL 6511192, at *6 (Tex. App.-San Antonio Oct. 26, 2015, pet. denied).
Back in the trial court, Coffeehouse and the Trust sought orders (1) cancelling the lis pendens notice that had been filed as to the property, (2) directing payment of the attorney's fees awarded in the 2014 judgment as well as the full amount of the supersedeas bond, and (3) appointing a receiver to sell the property. At the hearing on the motions, McFadin objected to any payment pursuant to the bond because there was no evidence of any loss or damage caused by the suspension of the underlying judgment during the appeal. He argued, in part, that the tenants who occupied the property before the appeal had long-term leases and continued occupying the property and paying rent during the appeal. Coffeehouse and the Trust argued that a potential sale of the property had been lost while the appeal was pending, but they did not offer evidence to support either a lost sale, loss of rents, or any other loss or damage caused by the appeal.
The trial court appointed a receiver to sell the property and ordered McFadin and SureTec to pay the full amount of the bond to Coffeehouse and the Trust according to their interests in the property.[1] The court additionally cancelled the lis pendens and restated the amount of attorney's fees awarded in the 2014 order. McFadin appealed the order requiring payment of the amount of the bond but paid Coffeehouse the attorney's fees, court costs, and post judgment interest awarded to it in the judgment. Coffeehouse executed a partial release of judgment specifying that those *282 amounts had been paid, that the judgment was released as to them, and that:
[T]his Partial Release of Judgment does not and shall not be construed to release any other relief awarded in the [October 20, 2014] Judgment and not expressly released herein, and specifically does not release the non-monetary relief (including but not limited to declaratory judgment, partnership dissolution, and partition of real property) awarded to [Coffeehouse] in the Judgment; or any relief, monetary, non-monetary, or otherwise, awarded to [the Trust] in the Judgment, or the Supersedeas/Appeal Bond filed by the Judgment Debtors; or any post-judgment order of the court.
The court of appeals concluded that the trial court's order was an enforcement order that effectuated its judgment pursuant to the appellate court's prior mandate, but that the order did not award new or additional damages or attorney's fees that were not part of the 2014 judgment. 542 S.W.3d 669, 670, 2016 WL 3625658 (Tex. App.-San Antonio 2016). It concluded that the order was not a final order and accordingly, it dismissed the appeal for want of jurisdiction. Id.
In this Court, the Trust is no longer a party.[2] As to Coffeehouse, McFadin essentially presents three issues. First, he asserts that the trial court exceeded its jurisdiction when it ordered payment pursuant to the bond, meaning the order is void. That being so, McFadin contends, even if the court of appeals lacked jurisdiction to review the trial court's order on the merits, it should have declared the trial court's judgment void before dismissing his appeal. Second, he contends that the trial court's order directing payment of amounts pursuant to the bond went beyond merely enforcing the 2014 judgment and therefore was not interlocutory and unappealable. He argues that the court of appeals had jurisdiction over his appeal and erred by dismissing it without addressing its merits. Last, he maintains that Coffeehouse presented no evidence it suffered damages or loss caused by McFadin's appeal from the 2014 judgment, so the trial court's order requiring him to pay money to Coffeehouse implicates his constitutional right to due process. McFadin does not ask us to review the merits of the trial court's supersedeas bond payment order. Rather, he prays that we reverse the court of appeals' order of dismissal and remand to that court for it to consider the merits of his appeal.
Coffeehouse responds that the trial court's order was made for the purpose of enforcing its judgment and that such orders are not subject to appeal because they are not final. It also asserts that even if evidence of damages was necessary to support the order directing payment of the bond amount, it presented such evidence at the hearing to set the bond for McFadin's appeal from the 2014 judgment.
II. Standard of Review
This Court has jurisdiction to determine whether a lower court had jurisdiction, even if the order appealed from is eventually determined to have been interlocutory. Univ. of Tex. Sw. Med. Ctr. of Dall. v. Margulis , 11 S.W.3d 186, 187 (Tex. 2000). Whether a court has jurisdiction is a question of law subject to de novo review. See State v. Naylor , 466 S.W.3d 783, 787 (Tex. 2015). In a de novo review we afford the lower court's ruling no deference.
*283 Quick v. City of Austin , 7 S.W.3d 109, 116 (Tex. 1998).
III. Analysis
A. Jurisdiction
1. Trial Court's Jurisdiction
McFadin relies on Los Campeones, Inc. v. Valley International Properties, Inc. , in asserting that the trial court lacked jurisdiction to order him to pay under the bond. Los Campeones, Inc. v. Valley Int'l Prop., Inc. , 591 S.W.2d 312 (Tex. Civ. App.-Corpus Christi 1979, no writ). There, the appeals court determined that the trial court's order requiring the return of a cash supersedeas bond when the original judgment did not involve a monetary award went beyond the appellate court's mandate, and thus beyond the ministerial authority vested in the trial court to give effect to the appellate court's judgment. Id. at 313. Los Campeones does not accord with the decisions of this Court and other courts of appeals.
We explained in Dubai Petroleum Co. v. Kazi that "[t]he modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." Dubai Petroleum Co. v. Kazi , 12 S.W.3d 71, 76 (Tex. 2000) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 ( AM. LAW INST. 1982) ). And although we have held that trial courts erred in the manner by which they enforced appellate court mandates, we have not indicated that those erroneous actions implicated their jurisdiction. See, e.g. Tex. Workers' Comp. Ins. Fund v. Mandlbauer , 34 S.W.3d 909, 912 (Tex. 2000) (concluding that the court of appeals did not have discretion to assess costs contrary to this Court's earlier mandate); Cook v. Cameron , 733 S.W.2d 137, 139 (Tex. 1987) (holding that the "trial court erred in not enforcing [this Court's] judgment as rendered"). A court's subject matter jurisdiction depends on the nature of the matter before it. And although a trial court abuses its discretion if it fails to properly enforce the mandate of an appellate court, "it is not a matter of jurisdiction." Madeksho v. Abraham, Watkins, Nichols & Friend , 112 S.W.3d 679, 685-86 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).
The trial court's addressing of issues necessary to effect the mandate of the court of appeals, including issuing an order concerning the supersedeas bond, was part and parcel to the trial court's effectuating the original judgment and carrying out the appellate court's decision. It had jurisdiction to do so.
That conclusion brings us to McFadin's contention that the court of appeals had jurisdiction over his appeal.
2. Appellate Court's Jurisdiction
Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments.[3] TEX. CIV. PRAC. & REM. CODE § 51.014 ; see Stary v. DeBord , 967 S.W.2d 352, 352-53 (Tex. 1998). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 195 (Tex. 2001). Although language like a Mother Hubbard clause indicates that the trial court intended a judgment to be final and appealable, no particular title, form, or language is required to make a judgment final. Id. Rather, whether it is final depends on both the language in it and the record. Id. If a judgment disposes of every remaining issue in a case, it does not lack finality for purposes of appeal merely because *284 it recites that it is partial, refers to only some of the parties or claims, or lacks Mother Hubbard language. Id. at 200. On the other hand, when a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal. Wagner v. Warnasch , 156 Tex. 334, 295 S.W.2d 890, 893 (1956).
An order to pay the amount of a money judgment out of funds deposited to function as a supersedeas bond has been described as interlocutory and nonappealable because ordering payment from the bond is consistent with and does not work a material change in the adjudicative portions of the original judgment; it merely effectuates the judgment. See 4 TEX. JUR. 3D Appellate Review § 71 (2018) ; see also Myers v. Myers , 515 S.W.2d 334, 335 (Tex. Civ. App.-Houston [1st Dist.] 1974, writ dism'd) ("The court's order to pay the judgment out of funds deposited pursuant to a supersedeas bond was ancillary to the cause on the merits. It was not a final judgment for purposes of appeal."). But if a post judgment order imposes obligations in addition to or in excess of those in the judgment, an appeal from the post judgment order is permissible, provided the order disposes of all pending issues and parties. See Allen v. Allen , 717 S.W.2d 311, 312 (Tex. 1986) ; Reynolds v. Reynolds , 860 S.W.2d 568, 570 (Tex. App.-Dallas 1993, writ denied).
Coffeehouse cites Jack M. Sanders Family Ltd. Partnership v. Roger T. Fridholm Revocable, Living Trust as support for its argument that the payment order was not a final order so as to be appealable and that relief for McFadin is only attainable via mandamus. Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr. , 434 S.W.3d 236, 239 (Tex. App.-Houston [1st Dist.] 2014, no pet.) ("For anything other than what could properly be characterized as a final judgment, mandamus is the proper form to obtain review of a trial court's post-judgment orders.") (quoting Transam.Life Ins. Co. v. Rapid Settlements, Inc. , No. 01-11-00240-CV, 2011 WL 5428974, at *2 (Tex. App.-Houston [1st Dist.] Nov. 10, 2011, no pet.) ). We do not disagree with the general proposition that a non-final order or judgment, under appropriate circumstances, is challengeable by mandamus. But we disagree with Coffeehouse's position that the order directing McFadin to pay under these circumstances is not a final, and therefore appealable, order.
As a result of the hearing on Coffeehouse's post judgment motions, the trial court appointed a receiver to sell the property as was required by the 2014 judgment; ordered payment of the same amount of attorney's fees as were awarded in the judgment; and ordered the full amount of the supersedeas bond paid to Coffeehouse and the Trust. But the 2014 judgment did not require McFadin to pay any amount of money to Coffeehouse and the Trust beyond attorney's fees and interest, which Coffeehouse does not contend would have been payable under terms of the supersedeas bond.[4] Thus, the order requiring McFadin to pay the amount of the bond went beyond the provisions of the 2014 judgment and afforded Coffeehouse recovery in addition to that in the judgment rather than merely requiring compliance with the judgment's terms. And, Coffeehouse does not contend that *285 any matters remained to be decided after that hearing and the trial court's orders pursuant to it.
The effect of the payment order was to make McFadin liable for monetary obligations that he was not liable for under the judgment. As noted, the judgment provided for the property to be partitioned by sale as well as the termination of the partnership, and specified the amount of attorney's fees to be recovered through appeal. Those provisions were effectuated by the post appeal order. The court of appeals' determination that the payment order did not award new or additional damages is flawed because the court mistakenly equated evidence presented to set the bond amount (in 2014) with evidence needed to order payment, if any, on the bond (in 2016). 542 S.W.3d at 670 (stating that "evidence was presented in 2014" supporting the bond payment order). But, the evidence presented at the hearing setting the bond amount was evidence of what damages the appeal might cause Coffeehouse if its judgment were not immediately enforced, not what damages the appeal actually did cause it. Thus, while the bond was related to the 2014 judgment, the order requiring payment of amounts pursuant to the bond went beyond provisions of the judgment.
We conclude that the trial court's order requiring payment of the amount of the supersedeas bond was an appealable order and the court of appeals had jurisdiction to consider the merits of McFadin's appeal.
B. Due Process
McFadin contends that the trial court's order requiring payment of the amount of the bond absent evidence of damages to Coffeehouse results in a deprivation of his property without due process of law. However, he raises his due process concern for the first time in this Court. That being so, he has not preserved the issue for our review. In re K.M.L. , 443 S.W.3d 101, 119 (Tex. 2014) (citing D. H. Overmyer Co. v. Frick Co. , 405 U.S. 174, 185, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) ("Due process rights to notice and hearing prior to a civil judgment are subject to waiver.")).
IV. Conclusion
The trial court's order directing McFadin to pay Coffeehouse money pursuant to the supersedeas bond exceeded McFadin's obligations under the 2014 judgment, and there were no remaining issues between the parties to be resolved. Accordingly, the order was a final appealable order.
We reverse the judgment of the court of appeals. The cause is remanded to that court for further proceedings.

The relevant language of the order was as follows:
ORDERED, ADJUDGED, and DECREED that Defendant LEE NICK MCFADIN III and SureTec Insurance Company immediately pay the amount of Forty-Two Thousand Five Hundred Fifty-Nine and 44/100 Dollars ($42,559.44), representing 25% of the total amount of the supersedeas bond, to Plaintiff/Judgment Creditor, BROADWAY COFFEEHOUSE, LLC. It is further
ORDERED, ADJUDGED, and DECREED that Defendant LEE NICK MCFADIN III and SureTec Insurance Company immediately pay the amount of One Hundred Twenty-Seven Thousand Six Hundred Seventy-Eight and 32/100 Dollars ($127,678.32), representing 75% of the total amount of the supersedeas bond, to Defendant/Judgment Creditor, MARCUS ROGERS, AS TRUSTEE FOR THE SAKS CHILDREN TRUST A/K/A ATFL&L, A TEXAS TRUST.

Pursuant to the joint motion from McFadin and the Trust, we have remanded the claims between those parties to the trial court for disposition in accordance with their settlement agreement.

We will use the word "judgment" to include judgments as well as orders and decrees.

The question of whether attorney's fees would be payable pursuant to the bond is not before us because neither party contends they would be. In any event, and as noted previously, the partial release of judgment executed by Donop as Manager of Coffeehouse that is in the record specifies McFadin has paid them.