**Order entered July 17, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00675-CV**
**No. 05-18-00676-CV**

**RUTH TORRES, Appellant**

**V.**

**MARIE DIAZ, ET AL., Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08711**

## ORDER

Appellant currently has these two appeals pending before this Court.[1] In her revised notices of appeal filed in both appellate cause numbers, appellant asserts that she is appealing sixteen trial court orders. As a final judgment has not been rendered, all of the appealed orders are interlocutory. By letter dated June 28, 2018, the Court questioned its jurisdiction over appellate cause number 05-18-00676-CV and instructed appellant to file a letter brief explaining how each of the orders is appealable. Appellant complied, and appellees filed a response. Appellant filed the same letter brief in appellate cause number 05-18-00675-CV.

---

[1] A third appeal, appellate cause number 05-18-00546-CV was dismissed for want of jurisdiction by opinion and judgment dated July 3, 2018.

Generally, this Court has jurisdiction only over appeals from final judgments and certain interlocutory orders as permitted by statute. *See McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2017). A final judgment is one that disposes of all pending parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

In her letter brief, appellant correctly points out that two of the orders are subject to interlocutory appeal. One of the orders appealed is the trial court's order granting the plea to the jurisdiction filed by DFW International Airport. That is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2017). Because this order is the subject of the appeal in appellate cause number 05-18-00675-CV, it will be addressed only in that appeal.

The other appealable interlocutory order is the trial court's order denying appellant's motion to dismiss under section 27.004 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). This order will be addressed only in appellate cause number 05-18-00676-CV.

Citing section 51.014(a)(4), appellant also asserts that this Court has jurisdiction over the trial court's September 13, 2016 temporary injunction order. This Court does have jurisdiction over an order that grants or refuses a temporary injunction. However, the notice of appeal is due twenty days after the order is signed. *See* TEX. R. APP. P. 26.1(b). The temporary injunction order appellant seeks to appeal was signed almost two years ago. Without a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

As to the other thirteen appealed orders, appellant asserts this Court's writ power provides jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017). This provision

does not grant jurisdiction over an otherwise unappealable interlocutory order. Appellant also cites section 51.014(d) as authority for this Court to exercise jurisdiction over the remaining orders. That section requires, among other things, permission from the trial court to appeal an otherwise unappealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Appellant has not met the requirements for an appeal under section 51.014(d). Finally, appellant asserts that rule of appellate procedure 29.6 provides this Court with jurisdiction over the remaining orders. *See* TEX. R. APP. P. 29.6. This rule is inapplicable because none of the remaining orders is a "further appealable interlocutory order" nor an order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal. *See* TEX. R. APP. P. 29.6(a)(1), (2).

For the above stated reasons, we dismiss from these appeals the following orders as listed on appellant's revised notice of appeal:

1. Temporary Injunction Order - signed September 13, 2016;

2. Order Denying Defendant's Motion for Contempt and Sanctions - signed February 14, 2018;

3. Order Denying Defendant's Motion to Strike (Motion to Reconsider Order - signed February 20, 2018;

4. Order Denying Defendant's Motion to Show Authority - signed February 20, 2018;

5. Order on Plaintiff's Motion to Strike (Entity Answer) - signed May 11, 2018;

6. Order Denying Defendant's Motion to Strike Reconsider Temporary Injunction - signed - June 6, 2018;

7. Order on Plaintiff's Motion for Contempt and Sanctions - signed June 4, 2018;

8. Supplemental Order on Plaintiff's Motion for Contempt and Sanctions - signed June 5, 2018;

9.       Order Denying Defendant's Motion to Reconsider Order on Plaintiff's Motion to Dismiss 91a - signed June 1, 2018;

10.     Order Denying Defendant Torres' Motion for Summary Judgment - signed June 6, 2018;

11.     Order Denying Defendant's Motion to Compel Discovery, "PO" and Sanctions - filed June 6, 2018;

12.     Order Regarding Defendant's Motion for Sanctions and Leave to Amend - signed June 6, 2018;

13.     Order Regarding Defendant's Third Motion for Leave to File Amended Pleading - signed June 6, 2018; and

14.     Order Denying Defendant's Motion for Recusal - filed June 7, 2018.

On the court's own motion, we **DIRECT** the Clerk of this Court to transfer a copy of the clerk's record filed on July 5, 2018 and the reporter's records filed on July 1, 2018 in appellate cause number 05-18-00675-CV into appellate cause number 05-18-00676-CV. These two appeals will be treated as companion cases.

Before the Court is appellant's July 12, 2018 motion for an extension of time to file a brief. On July 5, 2018, appellant filed a brief on the merits in appellate cause numbers 05-18-00675-CV and 05-18-00676-CV addressing all the interlocutory orders listed on her revised notice of appeal. In light of this order limiting each appeal to a single order as stated above, we **STRIKE** appellant's July 5 brief. We **GRANT** appellant's extension motion as follows: We **ORDER** appellant to file, **WITHIN TWENTY DAYS** of the date of this order, a brief in 05-18-00675-CV addressing the trial court's order granting DFW International Airport's plea to the jurisdiction and (2) a brief in 05-18-00676-CV addressing the trial court's order denying

appellant's motion to dismiss under section 27.004 of the civil practice and remedies code.


/s/      ADA BROWN
         JUSTICE