**DISMISS and Opinion Filed January 14, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01416-CV

## IN THE INTEREST OF X.M.P., A CHILD

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-30148-2017**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal involving the termination of appellant's parental rights. The rules of judicial administration accelerate the final disposition of appeals from suits involving the termination of parental rights. *See* TEX. R. JUD. ADMIN. 6.2(a) (providing 180 days for court's final disposition). In the notice of appeal, appellant states he is appealing the trial court's judgment signed on November 6, 2018. The record before this Court does not contain a judgment signed on that date or any other date. Accordingly, the Court questioned its jurisdiction over this appeal. By letter dated December 13, 2018, we instructed appellant to file a letter brief addressing our concern and gave appellee an opportunity to respond.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate deadlines run

from the date the judgment is signed. *See* TEX. R. APP. P. 26.1. Without a signed judgment or other appealable order, there is nothing for this Court to review.

Appellant filed a jurisdictional brief and, alternatively, a motion to abate the appeal pending the trial court signing an order. In his jurisdictional brief, appellant clarifies the trial court orally terminated his rights on November 6th and contends that an oral rendition constitutes a final order in a parental termination case. *See P.R.M. v. Tex. Dep't of Family and Protective Servs.*, No. 03-16-00065-CV, 2016 WL 4506301, at *2 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.). *P.R.M.* is not an appeal of an order terminating parental rights. Rather, *P.R.M.* involves a standing provision in the family code regarding family members seeking conservatorship of the child after the parent-child relationship has been terminated. *See* TEX. FAM. CODE ANN. § 102.006(c). That provision requires suit to be filed not later than the ninetieth day after the date the parent-child relationship between the child and the parent is terminated. *Id*. The grandmother in *P.R.M.* sued for conservatorship of her grandchildren after their parents' rights were terminated. *Id*. at *1. The trial court orally rendered judgment on March 20, 2015 and signed the judgment on May 1, 2015. The grandmother filed her suit on July 16, 2015. *Id*. Based on the trial court's March 20th oral rendition, the Department of Family and Protective Services filed a plea to the jurisdiction challenging the grandmother's standing. *See* TEX. FAM. CODE ANN. § 102.006(c). Relying on the trial court's unchallenged finding that the parents' rights were terminated on March 20 and the Department's affidavit that it was appointed permanent managing conservator on that same date, the court of appeals held that the grandmother's ninety days to file suit began running on March 20. *Id*. at *3. *P.R.M.* does not address appellate deadlines. For this reason, its holding is inapplicable to the jurisdictional issue in this case.

In the absence of a signed judgment, there is nothing for this Court to review and the appeal is premature. Accordingly, we deny appellant's motion to abate and dismiss the appeal for want of jurisdiction without prejudice to filing a new notice of appeal after the trial court signs a judgment. *See* TEX. R. APP. P. 42.3(a).

/Lana Myers/
LANA MYERS
JUSTICE

181416F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF X.M.P., A CHILD

No. 05-18-01416-CV

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-30148-2017.
Opinion delivered by Justice Myers. Justices Osborne and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 14th day of January, 2019.