# NO. 12-21-00160-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD KIRBY AND JULIE KIRBY,* *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *BENNY FLETCHER,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Richard and Julie Kirby, acting pro se, filed a notice of appeal to challenge an order of the County Court at Law in which it concluded that it retains jurisdiction to issue a writ of possession and ordered the trial court clerk to issue a writ of possession in accordance with the final judgment. [1] On September 29, 2021, this Court notified Appellants that the notice of appeal failed to show the jurisdiction of the Court, namely, the order being appealed is not an appealable order. *See* TEX. R. APP. P. 37.2. We further notified Appellants that the appeal would be dismissed unless the information was amended on or before October 29 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3. Appellants amended their notice of appeal to correct defects in the notice, but failed to respond to this Court's September 29 jurisdictional notice.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). "[W]hen a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal." *Id*. at 284. Thus, "an order for a writ of possession is neither a final judgment nor an appealable

---

[1] Appellants appealed from the final judgment, but we dismissed the appeal for failure to comply with Section 51.017 of the Texas Civil Practice and Remedies Code. *See Kirby v. Fletcher*, No. 12-21-00146-CV, 2021 WL 4313862 (Tex. App.—Tyler Sept. 22, 2021, no pet. h.) (mem. op.) (per curiam). Appellants gave notice that they intend to file a petition for review with the Texas Supreme Court.

interlocutory order." ***Neuse v. Nationstar Mortgage, LLC***, No. 13-19-00234-CV, 2019 WL 3331643, at *1 (Tex. App.—Corpus Christi July 25, 2019, pet. denied) (mem. op.); *see also* ***Williams v. Ladera***, No. 02-21-00104-CV, 2021 WL 2253241, at *1 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op.) ("county court's order allowing Ladera to execute its writ of possession does nothing more than enforce the provisions of the county court's final judgment finding Williams guilty of forcible detainer" and was not a final judgment or appealable interlocutory order). Because the order of which Appellants complain is not a final judgment or appealable interlocutory order, we ***dismiss*** this appeal for ***want of jurisdiction***.[2] *See* TEX. R. APP. P. 42.3(a). All pending motions are ***overruled as moot***.

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] We also note that Appellants filed a petition for writ of mandamus with this Court, which is currently pending in appellate cause number 12-21-00191-CV.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-21-00160-CV**

**RICHARD KIRBY AND JULIE KIRBY,**
Appellant
V.
**BENNY FLETCHER,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 73211)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*