

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00156-CV

———————————————

LAIMA F. BROWN, Appellant

V.

T-UNIVERSAL COPR., Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-001176-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this eviction case involving pro se Appellant Laima F. Brown and Appellee T-Universal Copr.,[1] Brown attempts to appeal from the trial court's May 4, 2023 order denying her postjudgment motion for injunctive relief.[2] We wrote to Brown to express our concern that we lacked jurisdiction over this appeal because the order that she appealed did not appear to be a final judgment or appealable postjudgment order. We warned her that unless she or any other party filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Brown has filed two documents in response, but neither addresses our jurisdictional concerns.

We have jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). "[W]hen a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as

---

[1]Although Appellee's name is spelled "T-Universal Corp." in the agreed final judgment, we spell Appellee's name as it appears in the notice of appeal and the complained-of order.

[2]Brown did not appeal from or supersede the trial court's March 22, 2023 agreed final judgment, which awarded T-Universal possession of the real property that Brown occupied, ordered Brown to vacate the property by April 22, 2023, and stated that a writ of possession would issue on or after April 23, 2023. The agreed judgment—which was signed by Brown and T-Universal's attorney—also stated that Brown waived her right to appeal.

another final judgment subject to appeal." *McFadin*, 539 S.W.3d at 284. But a postjudgment order that imposes obligations in addition to or in excess of those in a final judgment is appealable, provided that the order disposes of all pending issues and parties. *Id.*

Here, the order denying Brown's postjudgment motion is not a final judgment. Nor does it impose obligations in addition to or in excess of those in the final judgment; indeed, the order awards no relief at all.[3] *Cf. Knoles v. Wells Fargo Bank, N.A.*, No. 05-12-00473-CV, 2012 WL 6685448, at *1 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction after concluding that nothing in the record suggested that order denying appellant's emergency motion to quash or stay writ of execution was issued for a purpose other than to aid in the enforcement of the judgment). Because the order denying Brown's postjudgment motion for injunctive relief is neither a final judgment nor an appealable order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 22, 2023

---

[3]Brown's motion for injunctive relief is difficult to decipher, but we interpret it as an attempt to prevent T-Universal from enforcing the agreed judgment by obtaining and executing a writ of possession.