# NO. 12-24-00252-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MATTHEW J. KERNS,* <br> *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | | |
| | § | *JUDICICAL DISTRICT COURT* |
| *TEXAS SOUTHWESTERN CATTLE RAISERS ASSOCIATION BOARD OF DIRECTORS,* <br> *APPELLEE* | | |
| | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On August 9, 2024, Matthew J. Kerns, acting pro se, filed a notice of appeal from a trial court order, dated June 10, 2024, denying a motion for default judgment. On August 9, this Court notified Kerns that the notice of appeal failed to show the jurisdiction of the Court, namely, there is no timely notice of appeal or timely motion for extension of time to file a notice of appeal. *See* TEX. R. APP. P. 37.2. We further notified Kerns that the appeal would be dismissed unless the information was amended on or before August 19 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3. In response, Kerns asserts that the trial court signed a judgment on June 10, 2024, he filed a motion for reconsideration on June 12, and filed his notice of appeal on August 9. Thus, Kerns maintains that his notice of appeal was timely because his motion for reconsideration extended the deadline for filing his notice of appeal.

Under Rule 26.1, the notice of appeal must be filed within thirty days after the judgment is signed or, if the case is accelerated, within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1. Unless the appeal is accelerated, the notice of appeal must be filed within ninety days "after the *judgment* is signed" if any party timely files a motion for new trial, motion

to modify, motion to reinstate, or request for findings of fact and conclusions of law when such could be properly considered by the appellate court. TEX. R. APP. P. 26.1(a)-(b) (emphasis added), 28.1(b). Accordingly, unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018).

The online Smith County court records do no demonstrate that a final judgment has been entered in this case. Rather, Kerns challenges the denial of a motion for default judgment. But the denial of a motion for default judgment is appealable only *after a final judgment or order*. *See S. Pioneer Prop. & Cas. Ins. Co. v. Wilson*, No. 01-17-00444-CV, 2018 WL 3384558, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.) (emphasis added); *see also Mitchell v. Wells Fargo Bank*, No. 10-09-00339-CV, 2009 WL 4723374, at *1 (Tex. App.—Waco Dec. 9, 2009, no pet.) (dismissing for want of jurisdiction appeal from denial of motion for default judgment). Nor is such an order subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2023) (appeal from interlocutory order). Thus, whether Kerns timely filed his notice of appeal matters not because the denial of a motion for default judgment is not a final judgment or appealable interlocutory order. We *dismiss* the appeal for *want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00252-CV**

**MATTHEW J. KERNS,**
Appellant
V.
**TEXAS SOUTHWESTERN CATTLE RAISERS ASSOCIATION BOARD OF DIRECTORS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 24-0919-B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*