# NO. 12-24-00290-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS MANLEY AND SAVANNAH MANLEY, APPELLANTS* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *A&B CUSTOM HOMES, LLC, APPELLEE* | | |
| | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction and for failure to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay-- at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5; *see* TEX. R. APP. P. 20.1. An appellate court may enforce Rule 5 by any order that is just. TEX. R. APP. P. 5. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On September 27, 2024, the Clerk of this Court notified Appellants, Thomas Manley and Savannah Manley, that the filing fee in this appeal is due and that the appeal would be subject to dismissal if the fee was not paid on or before October 7. The date for remitting the filing fee

passed, and Appellants have not paid the fee or otherwise shown that they are excused from paying the fee.[1]

Also on September 27, the Clerk of this Court notified Appellants that the notice of appeal failed to show the jurisdiction of the Court, namely, there is no timely notice of appeal or timely motion for extension of time to file a notice of appeal. *See* TEX. R. APP. P. 37.2. We further notified Appellants that the appeal would be dismissed unless the information was amended on or before October 7 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3. Appellants did not file an amended notice of appeal or other response to this Court's notice.

Under Rule 26.1, the notice of appeal must be filed within thirty days after the judgment is signed or, if the case is accelerated, within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1. Unless the appeal is accelerated, the notice of appeal must be filed within ninety days "after the judgment is signed" if any party timely files a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law when such could be properly considered by the appellate court. TEX. R. APP. P. 26.1(a)-(b), 28.1(b). Accordingly, unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018).

Here, the trial court granted summary judgment in favor of Appellee, A&B Custom Homes, LLC, on June 25, 2024. Appellants filed an untimely motion for new trial on August 5. *See* TEX. R. CIV. P. 329b(a) (motion for new trial must be filed "prior to or within thirty days after the judgment or other order complained of is signed"). Thus, the notice of appeal was due on or before July 25. *See* TEX. R. APP. P. 26.1(a)(1); *see Wainright v. Delouche*, No. 12-21-00198-CV, 2021 WL 5365577, at *1 (Tex. App.—Tyler Nov. 17, 2021, no pet.) (per curiam) (mem. op.) (untimely motion for new trial does not extend appellate deadline for filing notice of appeal); *Hartley v. Esquire Deposition*, No. 01-17-00508-CV, 2018 WL 1720670, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction because motion to reconsider was filed thirty-five days after judgment was signed); *Gilani v. Kaempfe*, 331 S.W.3d 879 (Tex. App.—Dallas 2011, no pet.) (dismissing appeal for want of jurisdiction because motion for new trial filed one day late failed to extend

---

[1] The case information sheet from the Smith County District Clerk's Office reflects that Appellants were not declared indigent in the trial court.

appellate timetable).  Appellants did not file their notice of appeal until September 20.  Although their notice of appeal also challenges the August 29 order denying their motion for new trial, an "order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." ***Moritz v. Preiss***, 121 S.W.3d 715, 720 (Tex. 2003); *see **Williams v. Finn***, No. 01-17-00476-CV, 2018 WL 5071196, at *3 (Tex. App.—Houston [1st Dist.] Oct. 18, 2018, pet. denied) (mem. op. on reh'g) (because agreement was not presented timely as a motion for new trial, purported motion was not overruled by operation of law or otherwise).

As this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure, we ***dismiss*** the appeal for ***want of jurisdiction***.  *See* TEX. R. APP. P. 42.3(a).  We further ***dismiss*** the appeal because Appellants failed, after notice, to comply with Rule 5.  *See* TEX. R. APP. P. 42.3(c)

Opinion delivered October 23, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 23, 2024**

**NO. 12-24-00290-CV**

**THOMAS MANLEY AND SAVANNAH MANLEY,**
Appellants
V.
**A&B CUSTOM HOMES, LLC,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 24-0036-A)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of jurisdiction and for failure to comply with Texas Rule of Appellate Procedure 5**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*