

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00066-CV

Glenn **SAMUELS**,
Appellant

v.

**SAN ANTONIO POLICE DEPARTMENT CENTRAL SUBSTATION**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI08517
Honorable Marialyn Barnard, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 2, 2025

DISMISSED FOR LACK OF JURISDICTION

On July 30, 2024, the trial court signed an "Order of Dismissal with Prejudice," which states: "All claims asserted, or which could have been asserted by and between the Parties, presently known or unknown, be and are hereby DISMISSED WITH PREJUDICE with each party to bear its own costs and attorney's fees." The clerk's record in this appeal also includes judge's notes, filed on October 25, 2024, which state: "The court reviewed filed [sic] informed Mr. Samuels that the case shows its [sic] been dismissed." On January 29, 2025, appellant Glenn

Samuels filed a notice of appeal, purporting to appeal from a judgment or appealable order signed on October 25, 2024.

"Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018); *accord Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment issued without a conventional trial is final if it either: (1) actually disposes of every pending claim and party, or (2) it clearly and unequivocally states that it finally disposes of all claims and all parties. *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (citing *Lehmann*, 39 S.W.3d at 205). Here, it appears the trial court's July 30, 2024 order is a final judgment because it states that it finally disposes of every pending claim and party and because the order disposes of the only claim asserted in this case, which is the claim asserted in appellant's *pro se* petition. *See id.*

Taking July 30, 2024, as the date of the final judgment, appellant's notice of appeal was due on August 29, 2024. *See* TEX. R. APP. P. 26.1. A motion for extension of time to file the notice of appeal was due on September 13, 2024. *See id.* R. 26.3. Appellant filed his notice of appeal on January 29, 2025, well after the prescribed time limits for perfecting an appeal or filing a motion for an extension of time. *See* TEX. R. APP. P. 26.1, 26.3.[1]

"[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). On February 4, 2025, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

---

[1] Even if we accepted October 25, 2024, as the date of the final judgment, the notice of appeal would have been due on November 25, 2024, and a motion for extension of time to file the notice of appeal would have been due on December 9, 2024. *See* TEX. R. APP. P. 26.1, 26.3. Appellant filed his notice of appeal well beyond even these dates.

Appellant responded on February 5, 2025, but his response does not address our jurisdiction. Accordingly, we dismiss this appeal for lack of jurisdiction because appellant did not timely file his notice of appeal and the period for granting a motion for extension of time has passed. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617.

PER CURIAM