**Opinion issued June 10, 2025**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

—————————————

**NO. 01-23-00656-CV**

—————————————

**MICHAEL CHRISTOPHER TATE, Appellant**

**V.**

**MARIA CONCEPCION LANDA, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-76987**

---

**MEMORANDUM OPINION**

Appellant Michael Christopher Tate appeals an order denying his post-judgment motion to modify a lifetime protective order in which the trial court concluded it lacked power to modify the protective order under section 85.025(b-3) of the Texas Family Code. Appearing on behalf of Appellee Maria Concepcion

Landa, the State of Texas contends the post-judgment denial order is not appealable. We agree and dismiss this appeal for want of jurisdiction.

**Relevant Background**

In October 2019, Landa filed an application in family court for a protective order against Tate, alleging Tate engaged in conduct constituting family violence and stalking under then-Chapter 7A of the Texas Code of Criminal Procedure. A month later, the trial court signed a protective order ("the Protective Order") finding "[Landa] is a victim of STALKING by [Tate], TCCP Chapter 7A" and that the Protective Order is necessary for the prevention of family violence. Pursuant to Chapter 85 of the Texas Family Code, the Protective Order prohibited Tate from engaging in numerous actions, including going to or near Landa's residence or place of employment and possessing a firearm. The Protective Order also provided that it "is effective immediately and shall continue in effect for [Tate's] lifetime."

Over two-and-one-half years later, in July 2022, Tate filed a motion to vacate the Protective Order. After a series of hearings and amendments to the motion, in August 2023, the trial court held a hearing on Tate's second amended motion to modify the Protective Order, in which he sought modification under section 87.001 of the Texas Family Code.[1] On August 22, 2023, the trial court signed an order

---

[1] We note that, in the second amended motion, Tate sought modification and also recission of the Protective Order, but the trial court denied the motion without mentioning recission.

2

denying the second amended motion to modify ("the August 22 Order"), concluding that, under section 85.025(b-3),[2] it lacks power to modify the Protective Order. Tate appeals the August 22 Order.

## The August 22 Order Is Not Appealable

We generally have jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). A post-judgment order may be appealable if an appeal is statutorily authorized or if the order has the nature of a mandatory injunction that resolves property rights. *Rushmore Loan Mgmt. Servs., LLC v. Harris Cnty.*, No. 01-19-00758-CV, 2021 WL 3501704, at *3 (Tex. App.—Houston [1st Dist.] Aug. 10, 2021, no pet.) (mem. op.). Moreover, "if a post judgment order imposes obligations in addition to or in excess of those in the judgment, an appeal from the post judgment order is permissible, provided the order disposes of all pending issues and parties." *McFadin*, 539 S.W.3d at 284. Non-appealable post-judgment orders must be challenged by a petition for writ of mandamus. *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.]

---

[2]     Per section 85.025(b-3), the statute's provision regarding a motion for determining if there is a continuing need for the protective order "does not apply to a protective order issued under Subchapter A, Chapter 7B, Code of Criminal Procedure." TEX. FAM. CODE § 85.025(b-3).

2020, no pet.). A direct appeal from a non-appealable post-judgment order must be dismissed for lack of jurisdiction. *Id.*

Here, the August 22 Order is a post-judgment order denying for lack of power a motion to modify the Protective Order. It is not in the nature of a mandatory injunction that resolves property rights, nor does it impose obligations in addition to or in excess of those in the Protective Order. *See In re DEK-M Nationwide, Ltd.*, 627 S.W.3d 353, 360 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding) ("The challenged orders do not order relief that differs from or exceeds that afforded by the final judgment; indeed, the orders award no relief at all."). Thus, the question becomes whether the August 22 Order is appealable by statute.

Family Code section 81.009(a) provides that, with certain inapplicable exceptions, "a protective order rendered under this subtitle may be appealed." TEX. FAM. CODE § 81.009(a). Family Code section 87.001 provides, "On the motion of any party, the court, after notice and hearing, may modify an existing protective order to: (1) exclude any item included in the order; or (2) include any item that could have been included in the order." TEX. FAM. CODE § 87.001. Thus, the statutory scheme allows appeals of protective orders rendered under the applicable subtitle (which is title 4, subtitle B of the Texas Family Code), and allows for those protective orders to be modified on any party's motion. The August 22 Order is not a protective order rendered under the applicable subtitle or even the modification of

4

such a protective order. It is the denial of a post-judgment motion to modify a protective order, affording no relief. Section 81.009(a) does not authorize the appeal of such an order, nor does any other statute based on our research.[3]

In an analogous situation, we considered the appealability of an order denying what is known as an "unauthorized petition for release"[4] from a civil commitment under the Sexually Violent Predator Act. *In re Commitment of Dunsmore*, No. 01-18-00183-CV, 2019 WL 2180446, at *1 (Tex. App.—Houston [1st Dist.] May 21, 2019, no pet.) (mem. op.) (per curiam). There, the trial court had issued an order denying the appellant's post-commitment unauthorized petition for release, which he sought to appeal. *Id.* We recognized that the Act allows for an appeal of the order determining sexually-violent-predator status for purposes of civil commitment and allows for the filing of an unauthorized petition for release following a commitment. *Id.* at *1; *see also* TEX. HEALTH & SAFETY CODE §§ 841.062, .122. But because there "is no provision in the Sexually Violent Predator statute for appeal

---

[3]    For example, there is no statutory provision expressing that any ruling on a motion to modify under section 87.001 should be treated as a new final judgment, unlike in other situations under the Family Code in which modification proceedings constitute a new suit with a new final judgment. *See* TEX. FAM. CODE § 156.004 (regarding modification of orders affecting parent-child relationship); *In re E.O.*, No. 13-18-00637-CV, 2021 WL 4995568, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 28, 2021, no pet.) (mem. op.).

[4]    "Unauthorized" in this statutory context means without the Texas Civil Commitment Office's authorization. *See* TEX. HEALTH & SAFETY CODE §§ 841.121, .122.

5

of an order denying an unauthorized petition for release," we dismissed the appeal for lack of jurisdiction. *Id.* at \*1–2.

Similarly, because there is no statutory authorization for this appeal, we conclude the August 22 Order is a non-appealable post-judgment order that must be challenged by a petition for writ of mandamus. *See Sunnyland*, 597 S.W.3d at 3.[5]

## Conclusion

We dismiss this appeal for want of jurisdiction.


                                                 Andrew Johnson
                                                 Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[5] Tate has not requested in his briefing that, in the alternative, we consider his appeal as a petition for writ of mandamus, although such a request may be made in a motion for rehearing. *See Jones v. Brelsford*, 390 S.W.3d 486, 497 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also D&H United Fueling Sols., Inc. v. Cementos Ready-Mix, LLC*, No. 08-23-00266-CV, 2024 WL 3565316, at \*2 (Tex. App.—El Paso July 26, 2024, no pet.) (mem. op.).