

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00202-CV

---

Frantz Pierre, Appellant

v.

McCarthy Holthus LLP, Appellee

---

On Appeal from the 210th District Court
El Paso County, Texas
Trial Court No. 2025DCV0542

---

## MEMORANDUM OPINION

Appellant, Frantz Pierre, has filed a notice of appeal attempting to appeal an "Order Denying the Plaintiff's Verified Response to Defendant McCarthy Holthus LLP's Verified Denial and Motion to Dismiss, Supplemental Complaint Amendments, and Motion for leave to File Response signed on July 16, 2025." Upon review of the clerk's record, this Court was unable to

find the order as identified in Pierre's notice of appeal. Instead, it appears that Pierre seeks to appeal from an "Order of Dismissal of Substitute Trustee," signed by the trial court on July 16, 2025, which granted Appellant McCarthy Holthus LLP's motion to dismiss.[1] We dismiss the appeal for lack of jurisdiction because there is no final judgment, and the order is not an appealable interlocutory order.

Generally, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, an appeal may be taken from an interlocutory order when expressly authorized by statute. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (authorizing appeals from certain interlocutory orders). *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018) ("Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments.").

The order Pierre attempts to appeal granted McCarthy Holthus's motion to dismiss pursuant to § 51.007 of the Texas Property Code, which allows a trustee named in a suit to plead that the trustee is not a necessary party by a verified denial. Tex. Prop. Code Ann. § 51.007(a). The denial must state the basis for the trustee's reasonable belief that the trustee was named as a party solely in his capacity as a trustee under a deed of trust, contract lien, or security instrument. *Id.* Within 30 days of the trustee's filing, all parties to the suit must file a verified response rebutting the trustee's denial. *Id.* § 51.007(b). If a party fails to file a timely verified response, the trustee must be dismissed from the suit without prejudice. *Id.* § 51.007(c). Such an order is neither a final judgment nor an order for which an appeal is authorized by statute and is therefore not an appealable order. Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *see Arthur v. Raborn*, No. 01-21-

---

[1] McCarthy Holthus filed a motion to dismiss on July 9, 2025, and Pierre filed his "Plaintiff's Verified Response to Defendant McCarthy Holthus LLP's Verified Denial and Motion to Dismiss, Supplemental Complaint Amendments, and Motion for leave to File Response" on July 14, 2025. Although Pierre has identified the order he seeks to appeal as an "Order Denying" this response, the order at issue grants McCarthey Holthus's motion to dismiss.

00072-CV, 2022 WL 17835228, at *3, n.3 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (mem. op.) (recognizing that an appeal from an order granting a motion to dismiss pursuant to § 51.007 is neither final nor appealable but treating a notice of appeal as prematurely filed when the trial court rendered final judgment before the appeal could be dismissed).

The Clerk of this Court notified Pierre that the Court might lack jurisdiction over his appeal because the order was not final or appealable and warned him that his appeal would be dismissed for lack of jurisdiction if he did not show grounds to continue. Pierre filed a timely response to our notice conceding that no final judgment has been entered. Nonetheless, he urges the Court to abate this appeal pending a final judgment. We decline to do so. Because the order granting McCarthy Holthus's motion to dismiss is not an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

MARIA SALAS MENDOZA, Chief Justice

September 18, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.