

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00761-CV

**A.C.**,
Appellant

v.

**S.G.A.**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CI-23409
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 15, 2026

DISMISSED FOR WANT OF JURISDICTION

On October 3, 2025, appellant A.C., proceeding pro se, filed an application for protective order. On November 21, 2025, the trial court held a hearing on A.C.'s application. On November 25, 2025, A.C. filed a notice of appeal from the trial court's oral denial of her application for a protective order. On December 4, 2025, the trial court signed an order denying A.C. a temporary protective order and modifying visitation orders. Appellant ostensibly attempts to appeal from this order.

The clerk's record before us indicates that, according to A.C., there is a pending "Registration of Foreign Custody/Support Order from Lucas County, Ohio" in the trial court. A.C also contends that there is a pending suit affecting the parent-child relationship (SAPCR) that has been stayed. Notwithstanding these pending actions, A.C. instituted the underlying separate action by filing an application for protective order.

"Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). Here, by A.C.'s pleaded assertions, the "Registration of Foreign Custody/Support Order from Lucas County, Ohio" and SAPCR actions remain pending. The order denying A.C.'s application for a protective order is an interlocutory order, for which no statute authorizes an immediate appeal. *Cf.* TEX. FAM. CODE ANN. § 81.009(c) ("A protective order rendered against a party in a suit affecting the parent-child relationship may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable order."); *In re A.J.F.*, No. 05-06-01514-CV, 2007 WL 465950, at *1 (Tex. App.—Dallas Feb. 14, 2007, no pet.) (mem. op.) (per curiam) (dismissing for want of jurisdiction attempted appeal of protective order rendered in still-pending SAPCR). Relatedly, the provisions in the December 4, 2025 order modifying visitation constitute a non-appealable interlocutory order in, according to A.C., a pending SAPCR. *In re B.V.*, No. 04-21-00086-CV, 2021 WL 2814896, at *2 (Tex. App.—San Antonio Jul. 7, 2021, no pet.) (mem. op.) (per curiam) (noting that the part of the appealed order restricting visitation and possession of the children modified prior temporary orders in the case, and therefore, constituted a non-appealable interlocutory order).

Based on A.C.'s representations in documents in the clerk's record, it appeared that the December 4, 2025 order was neither a final, appealable judgment, nor an interlocutory order from

which an appeal was authorized by statute.  Therefore, we ordered A.C. to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).  A.C. did not respond to our order.  For these reasons, we do not have jurisdiction over A.C.'s attempted appeal, and we dismiss her appeal for want of jurisdiction.  *See id*.

PER CURIAM