

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00325-CV

Legenia **NAPIER**,
Appellant

v.

**8555 LAURENS LANE LLD** DBA Algarita Lakeside,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2026-CV-00972
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Irene Rios, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: May 27, 2026

DISMISSED FOR LACK OF JURISDICTION

On April 17, 2026, appellant, proceeding *pro se*, filed a notice of appeal, stating her intent to appeal "due to dishonesty on the part of the other party . . . ."  Appellant's notice of appeal does not reference a final judgment or appealable interlocutory order.  "Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018).  The Texas Supreme Court defines a judgment as final and appealable "if and only if either it actually disposes of all claims

and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 192-93 (Tex. 2001). Here, appellant directs us to no final judgment. This court ordered appellant to show cause in writing by May 7, 2026, why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed no response. Because neither a final judgment nor an interlocutory order that may afford an authorized interlocutory appeal has been signed in the underlying cause, this appeal is dismissed for lack of jurisdiction.[1] *See* TEX. R. APP. P. 42.3(a) (appellate court may dismiss an appeal for lack of jurisdiction).

PER CURIAM

---

[1] This dismissal does not prevent appellant from later pursuing a timely appeal from a final judgment in this case.