# NO. 12-23-00317-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHILIP J. EMERSON JR.,* *APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *HOLLY LAKE RANCH ASSOCIATION, BRIAN SOUTH, RODNEY DUPLECHAIN, DENNIS DOSSEY, DAN OUIMET, BELINDA FLOWERS, PAM SCHMIDT, CHUCK BAHR, DANNY JACKSON, MONICA MIBRADT, DARRELL COOK, BOB BYLLA, SANDRA WELLS, JERRY KEY, HARTZEL BLACK AND CRAIG M. DAUGHERTY,* *APPELLEES* | § | *WOOD COUNTY, TEXAS* |

---

*MEMORANDUM OPINION*
*PER CURIAM*

Philip J. Emerson, acting pro se, filed a notice of appeal challenging an inability to pay order of March 12, 2020, and a vexatious litigant prefiling order of August 18, 2020. On December 19, 2023, this Court notified Emerson that the notice of appeal failed to show the jurisdiction of the Court, namely, the order being appealed is not appealable. *See* TEX. R. APP. P. 37.2. We further notified Emerson that the appeal would be dismissed unless the information was amended on or before December 29 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3. Emerson filed various motions, but none establish the jurisdiction of this Court.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. ***McFadin v. Broadway Coffeehouse, LLC***, 539 S.W.3d 278, 283 (Tex. 2018). It appears from Emerson's notice of appeal that the district clerk challenged his statement

of inability to pay costs and that the order thereon is the one from which he appeals. But a motion challenging such a ruling must be filed with the appropriate court of appeals within ten days after the order is signed. *See* TEX. R. CIV. P. 145(g). Emerson's notice of appeal filed on December 15, 2023, comes too late to be construed as a timely motion to challenge the trial court's ruling. Nor is such an order subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2023) (appeal from interlocutory order). Even if it were an appealable order, Emerson filed his notice of appeal long after the time expired for filing a notice of appeal (or extension of time to file a notice of appeal) from a 2020 order. *See* TEX. R. APP. P. 26.1 (time to perfect appeal in civil cases); *see also* TEX. R. APP. P. 26.3 (extension of time). Because the inability to pay order is not a final judgment or appealable interlocutory order, we lack jurisdiction over his appeal with respect to that order. *See* TEX. R. APP. P. 42.3(a).

Moreover, in the vexatious litigant order, the 402nd District Court of Wood County found Emerson vexatious pursuant to Section 11.101 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West 2017) (court may enter order prohibiting person from filing, pro se, new litigation in a court to which order applies without permission of appropriate local administrative judge if court finds person is vexatious). The order prohibits Emerson from filing, pro se, new litigation in the 402nd District Court without permission of the appropriate local administrative judge. However, a prefiling order entered by a district court applies to each court in this state. *Id*. § 11.101(e). A vexatious litigant subject to a prefiling order is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:

> (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

> (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

*Id*. § 11.102(a) (West 2017). A clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge described permitting the filing. *Id*. § 11.103(a) (West 2017). Emerson could have appealed from the vexatious litigant order. *See id*. § 11.101(c) (West 2017) ("litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant"). But the prefiling order was signed

on August 18, 2020; thus, Emerson's notice of appeal filed on December 15, 2023, is untimely for perfecting an appeal from the prefiling order. *See Reule v. Chism*, No. 12-23-00080-CV, 2023 WL 3157978, at *1 n.1 (Tex. App.—Tyler Apr. 28, 2023, no pet.) (per curiam) (mem. op.) (noting that notice of appeal filed on March 20, 2023, was untimely for perfecting appeal from May 21, 2019, prefiling order); *see also Restrepo v. Alliance Riggers and Constructors, Ltd.*, No. 08-15-00011-CV, 2015 WL 999950, at *2 (Tex. App.—El Paso Mar. 4, 2015, no pet.) (mem. op.) (dismissing for want of jurisdiction purported appeal from vexatious litigant prefiling order for untimely notice of appeal). And with respect to the inability to pay order, Emerson has not provided this Court with an order from the local administrative judge permitting the filing of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (West 2017) (court shall dismiss litigation unless plaintiff obtains order from appropriate local administrative judge permitting filing of litigation); *see also Reule*, 2023 WL 3157978, at *2 (dismissing for want of jurisdiction appeal by vexatious litigant for failure to obtain permission from local administrative judge); *Yazdchi v. JP Morgan Chase Bank, N.A.*, No. 01-17-00301-CV, 2017 WL 2255773, at *2 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.) (same).

Accordingly, for the above reasons, even with an order granting Emerson permission to appeal, this Court lacks jurisdiction over the appeal. We ***dismiss*** the appeal for ***want of jurisdiction*** and ***overrule all pending motions as moot***.

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00317-CV**

**PHILIP J. EMERSON JR.,**
Appellant
V.
**HOLLY LAKE RANCH ASSOCIATION, BRIAN SOUTH, RODNEY DUPLECHAIN, DENNIS DOSSEY, DAN OUIMET, BELINDA FLOWERS, PAM SCHMIDT, CHUCK BAHR, DANNY JACKSON, MONICA MIBRADT, DARRELL COOK, BOB BYLLA, SANDRA WELLS, JERRY KEY, HARTZEL BLACK AND CRAIG M. DAUGHERTY,**
Appellees

Appeal from the 402nd District Court
of Wood County, Texas (Tr.Ct.No. 2019-680)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*